Delivered February 11, 1895.

---

CITY OF SHERMAN V. CONNOR & OLIVER.

No. 171.

| 88 | 35 |
| 90 | 616 |

**1.  Contracts are Property.**

When a contract is entered into, each of the contracting parties acquires an interest therein.   The rights springing from such contract are recognized by the law as property, which the Legislature may not destroy, and courts must protect . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   40

**2.  Breach of Contract.**

Connor & Oliver contracted with the city of Sherman to construct and equip a system of waterworks for the city at a named price, and of a capacity of 250,000 gallons of water per day.   The waterworks constructed were only capable of furnishing 50,000 gallons per day.   This can not be considered a substantial compliance with the contract; therefore the contractors were in default from breach of their contract, and could not recover the contract price.   The city having taken the works constructed, became liable for the reasonable value thereof upon an implied contract to pay therefor . . . . . . . .   40

**3.  Practice—Several Causes of Action.**

Under our system of pleading, it is competent to litigate in same suit the claim by the contractors for reasonable value of the works constructed by them, and also the claim of the city for damages for breach of the contract to construct a system of waterworks . . . . . . . . . . . . . . . . . . . .  . . . . . . . . . . . . . .   41

**4.  Practice in Supreme Court.**

There being no error in the contest for the reasonable value of the system of waterworks built, but error appearing in the contest upon the claim of the city for damages, in order to authorize the reversal of the judgment the city's cause of action must not only have been good, but the evidence on the trial must have established the facts constituting such cause of action . .   41

**5. Finding of Fact Sufficient.**

A finding by the trial court not excepted to held sufficient, viz., "that if a system of waterworks furnishing said 250,000 gallons per twenty-four hours had been constructed by defendants, as called for in the contract, that such works would have been worth, with such capacity, the sum of $100,000, provided the said amount of water could have been disposed of in said city, and upon this point there is no evidence going to show whether such an amount of water could have been utilized in said city." The finding was not nullified by the proviso added .......... ....................... 39, 42

**6. Ground for Reversal.**

It appearing from the facts found by the Court of Civil Appeals that the city was injured by the nonperformance of the contract, and that no damages were allowed, the judgment is reversed. It appeared that the waterworks system if completed would have exceeded in value the contract price, and hence damages were shown as following the failure by the contractors to build the works as called for by the contract......................... 42

**7. Measure of Damages.** ·

If the works actually constructed were, to the extent of their completion, in substantial compliance with the contract, then, if the amount it would take to complete the works according to contract, added to the amount paid, would not exceed the contract price, the city could not recover on its claim for damages; but if the amount paid and the sum necessary to completion exceed the contract price, then the city would be entitled to recover the excess, unless the amount paid and the sum necessary to completion exceed the value of the works completed according to contract, in which event the difference in the value, if they had been completed according to contract, and the contract price would be the measure of the city's recovery on its claim for damages ......................................... 43

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Grayson County.

The city of Sherman, a municipal corporation, organized under the general laws of the State of Texas, filed its suit in the District Court of Grayson County, alleging, in substance, that it was the owner of a tract of land, described in the petition, upon which had been constructed and placed engines and pumps, boilers, and all necessary machinery to operate a system of waterworks for said city, with divers wells, for the purpose of supplying water; in the said city was erected a standpipe, and along the streets were laid pipes, mains, and hydrants to furnish said city with water; and that the defendants removed from the said engines a large number of valves, so that the same could not be operated, which is charged to have been done maliciously and for the purpose of injuring the said city. The city claimed both actual and exemplary damages.

· Appellees answered, denying the allegations of the petition, setting up, by way of a cross-bill, a contract with the city for the construction of a system of waterworks, in consideration of the sum of $73,000, and the performance of extra work, amounting to about the sum of $5000. Appellees allege the terms of the contract, and made it a part of the answer, claiming that they had performed their part of it; that the city had failed to pay the consideration, and had taken possession of

the waterworks, claiming that the city was still indebted to them in the sum of about $35,000. Appellees also claim against the city the cost of the construction of said works, and seek to recover the value of the works, less the sum of $43,400 paid.

Appellant replied by supplemental petition, setting up the contract with the appellees, charging that the appellees undertook and agreed to construct a system of waterworks that would furnish 250,000 gallons of water every twenty-four hours, and they would make a test of thirty days to prove the efficiency of the works. Allege that appellant had performed its part of the contract, and made payments accordingly. That appellees had failed to perform their part of the contract, in this, that they had refused to make the test of the waterworks, and that the said waterworks would not and did not furnish exceeding 50,000 gallons per day. That said appellees abandoned the said work and refused to proceed with the same, and the said works, in the condition in which they were left by the appellees and received by the city, were not worth exceeding $30,000, but that said works, if constructed according to the contract, would have been worth the sum of $100,000. The case was submitted to the court without a jury. Judgment was rendered for the appellees for the sum of $5149.50. The judgment was affirmed by the Court of Appeals.

*Brown & Bliss, Head & Dillard, W. W. Wilkins, Hare, Edmundson & Hare, Woods & Brown,* and *C. L. Vowell,* for plaintiff in error.—The appellant having performed its part of the contract, and the appellees having failed to comply with it on their part, and having also abandoned the work, without fault on the part of appellant, the judgment of the court upon the findings should have been in favor of the appellant for the difference between the value of the system of waterworks as received by it and what it would have been worth if it had been constructed in accordance with the contract, less the amount of the contract price remaining unpaid. Hillyard v. Crabtree, 11 Texas, 263; Porter v. Burkett, 65 Texas, 387; Stark v. Alford, 49 Texas, 260; 2 Suth. on Dam., p. 480, et seq.; Ice Co. v. Heinze, 102 Mo., 245; Chamberlain v. Parker, 45 N. Y., 569; Wright v. Davenport, 44 Texas, 169; Laraway v. Perkins, 10 N. Y., 371.

*Wright & Wright,* for defendants in error.—If the employes abandon their contract, then the employer shall be charged with only the reasonable worth or value of the amount of benefit he has received upon the whole transaction, and in estimating the amount, the contract price can not be exceeded. Carroll v. Welch, 26 Texas, 147; Riggs v. Horde, 25 Texas Supp., 456.

DENMAN, ASSOCIATE JUSTICE.—The record of this cause contains no statement of facts. The cause was tried before the court below without a jury. We will state such portions of the facts, found by

the court below, as are pertinent to the questions hereinafter discussed: In 1886, plaintiff in error, the city of Sherman, and defendants in error, Connor & Oliver, entered into a written contract. By said contract Connor & Oliver obligated themselves (1) "to well and truly construct and build and finish at their own expense, furnishing all necessary labor and materials for the same, a system of waterworks in and through the said city of Sherman, in accordance with the plans and specifications attached" to said contract, but not made a part of this record; (2) to secure at their expense an underground water supply equal in quantity to 250,000 United States gallons every twenty-four hours for a period of twelve months from the completion and acceptance of the said works; but if, after having used all reasonable means to develop the water supply at two different places, it were demonstrated that such underground supply could not be obtained at such places, then they were permitted to resort to a storage or overground supply; (3) upon the completion of the said works according to contract, to run and operate same for a period of thirty days at their own expense, and furnish a water supply for the city as a test of their efficiency, and upon completion of said test, if the said works were in all respects found complete in accordance with the terms of the contract, to turn them over to the city, whereupon the contract, so far as the erection and completion of the works as distinguished from the water supply was concerned, should be considered by both parties as complied with; (4) to furnish, as part of said system, two pumps, each to have a capacity of 500,000 gallons every twenty-four hours; (5) to deed to the city all land purchased and used in connection with the overground tank, together with the tank and all rights and easements acquired, in case it became necessary, under the terms of the contract, to resort to an overground supply to secure the requisite quantity of water; (6) to commence the work within thirty days, and complete the system within six months from the date of the contract, said six months not to include the thirty days trial aforesaid.

By said contract, the city obligated itself (1) to furnish the ground for the standpipe; (2) to furnish the ground for the first set of wells to be dug in the attempt to secure an underground supply of water as aforesaid; and (3) to pay, "in consideration of the works above referred to being well and truly executed and completed in the manner above specified," the sum of $78,205, the greater portion thereof to be paid in installments as the work progressed, and the balance to be paid when the works were completed and accepted by the city.

In attempted compliance with the contract, Connor & Oliver caused to be erected and constructed in said city a system of waterworks, consisting of machinery and digging of certain wells for an underground supply of water, and about July, 1887, tendered said works to said city, claiming same to be complete under the contract; whereupon the city refused to accept the works, because (1) the water supply was not sufficient, and (2) the test required by the contract had not been made.

Connor & Oliver wholly failed to make the test required by the contract, or in fact any test, and not more than 50,000 gallons of water for each twenty-four hours could be procured from such works as were made by them.

Upon the refusal of the city to accept the works as a compliance with the contract as aforesaid, Connor & Oliver at once abandoned the further prosecution of the works, and did not procure an overground supply of water, or supply at any other place as required by the contract.

During the progress of the work, and before it refused to accept same as above stated, the city had, in accordance with the contract, paid to Connor & Oliver various sums aggregating $43,400 of the entire contract price of the system. In September, 1887, the city entered upon and took possession of the system, and has since that date been using same.

In addition to the above the trial court found as follows:

"7. I find, that the fair and reasonable value of all material used and work done by defendants was, at the time aforesaid, when plaintiff (city) took possession of the works, $47,500, or in other words, that the sum just above named was the fair and reasonable value of the entire waterworks system as constructed by defendants.

"8. I find, that if a system of waterworks furnishing said 250,000 gallons per twenty-four hours had been constructed by defendants as called for in the contract, that such works would have been worth, with such capacity, the sum of $100,000, provided the said amount of water could have been disposed of in said city; and upon this last point there is no evidence going to show whether such an amount of water could have been utilized in said city."

Connor & Oliver in their pleadings sought to recover from the city of Sherman (1) the contract price of the system, alleging a full compliance with the contract; and (2) in the alternative, the reasonable value of the system actually erected, alleging that the city had taken possession of and was using same.

The city in its pleadings alleged noncompliance with the contract by Connor & Oliver, in that (1) the water supply obtained would not exceed 50,000 gallons every twenty-four hours, and (2) they refused to make any test; that the works in the condition they were left by Connor & Oliver were not worth exceeding $30,000, which was much less than the city had advanced during the progress of the work; that if the system of waterworks had been constructed with the water supply stipulated in the contract, it would have been worth $100,000; and sought to recover damages from Connor & Oliver for breach of said contract.

The trial court found, as a conclusion of law, that Connor & Oliver were entitled to recover of the city of Sherman the reasonable value of the works actually constructed, found by it to be $47,500, less the sums advanced by the city during the progress of the work, found by

it to be $43,400, thus making the recovery $4100, with interest to date of trial, amounting to $5149.50; and that the city of Sherman "was not entitled to any recovery for damages in this case;" and thereupon rendered judgment in favor of Connor & Oliver against the city for $5149.50.

The city appealed to the Court of Civil Appeals, where the judgment of the lower court was affirmed, and the city has brought the case to this court on writ of error, claiming that both of said courts erred in not allowing the city any damages against Connor & Oliver for breach of the contract.

The facts above stated having been found by the court below and adopted by the Court of Civil Appeals, must in this court, which has jurisdiction only of questions of law, be taken as true; but it is incumbent upon this court to determine the legal effect of such facts.

When the contract was entered into, each of the contracting parties acquired an interest therein and a legal right to demand of the other a substantial performance thereof; each had a chance of profit.

The contractual relation thus established between the parties and the rights springing therefrom are recognized by the law as property, which legislation may not destroy, and courts must protect.

If Connor & Oliver had constructed the works in substantial compliance with the contract, they would have been entitled to recover *upon the contract* for the *contract price*, though it were admitted that the cost of construction and real value of the works so constructed were much less than said contract price; and if the city had breached the contract by refusing to permit them to construct the works, they could have recovered for such breach the profit, if any, they would have reaped from the construction of the works according to the contract. In such cases the suit would be to enforce some right growing out of the express contract, and the rights of the parties would be measured thereby.

The construction of a system of works capable of furnishing only 50,000 gallons per twenty-four hours can not be held to be a substantial compliance with the contract to furnish a system with a capacity of 250,000 gallons. Therefore, Connor & Oliver breached the contract in a vital particular. Not having performed the contract, they could not maintain an action thereon for the contract price or any part thereof. They having, however, constructed a system of works of which the city has taken possession, are entitled to recover the reasonable value thereof upon an *implied* contract of the city to pay therefor.

If the reasonable value of such works was, at the time the city took possession of same, $47,500, as found by the court, the city was liable on such implied contract for that sum; and since Connor & Oliver had received from the city, on the faith of the express contract, before its breach by them, $43,400, and since by the breach the consideration upon which such sum was paid to them had failed, they held the same to the use of the city, and the court below correctly deducted it from said $47,500, leaving due Connor & Oliver on such implied contract

$4100, to which sum the court added interest from the date the city took possession of the works to date of trial at the rate of 6 per cent per annum, thereby obtaining the amount of the judgment rendered for Connor & Oliver, $5149.50.

This judgment correctly determined the rights of the parties growing out of said *implied* contract, and out of the payment of the $43,400, but did not allow the city anything for the breach of the express contract by Connor & Oliver.

We have seen above that by the execution of the contract each party acquired a property interest therein to the extent of the profit such party would reap from its performance by the other.   If, as claimed by it, the city made a favorable contract, one by the performance of which it would have been greatly benefitted pecuniarily, then it was entitled to a performance thereof, and to the consequent pecuniary benefit.   By failing to perform the contract, Connor & Oliver deprived the city of such benefit, and became liable in damages for such sum as would compensate the city for the loss thereof.   This suit could only be maintained by the city through and by virtue of the express contract and breach thereof.

Thus we have in this case two distinct causes of action: (1) the right of Connor & Oliver to recover from the city on an *implied* contract the reasonable value of the works actually constructed and seized by the city; (2) the right of the city to recover from Connor & Oliver damages for breach of the *express* contract.   Britton v. Turner, 6 N. H., 481.

Under our liberal system of pleading, each cause of action may be established in the same suit, the final judgment of the court being against the party liable for the greater amount, for such sum as his liability exceeds that of the adverse party.   Britton v. Turner, 6 N. H., 481; Hillyard v. Crabtree, 11 Texas, 265; Gonzales College v. Mc-Hugh, 21 Texas, 257; Carroll v. Welch, 26 Texas, 148; Riggs v. Horde, 25 Texas Supp., 456.

From what has been said above, we think it is clear (1) that the city had a good cause of action against Connor & Oliver, for damages for breach of the contract, and (2) that the judgment of the court below did not allow any recovery thereon; and therefore the judgment must be reversed, if the facts found by the court from the evidence adduced on the trial established (1) the contract, (2) its breach by Connor & Oliver, and (3) an appreciable injury to the city resulting from such breach.

In order to authorize the reversal of the judgment the city's cause of action must not only have been good, but the evidence on the trial must have established the facts constituting such cause of action.

This brings us to the inquiry as to what facts were established by the evidence in support of the city's claim for damages.   As stated above, there is no statement of facts in the record, and we must be

governed entirely by the findings of fact by the court below, adopted by the Court of Civil Appeals, and substantially given above.

From this we find (1) the contract, and (2) its breach fully established; but upon the issue of injury resulting therefrom, the only facts found are (1) the price the city agreed to pay for the works completed according to contract, $78,205, and (2) the eighth finding of fact above copied in full.

Under the meager facts shown by this record, we are of the opinion that the measure of damages the city was entitled to recover for breach of the contract was the difference between the contract price of the works, $78,205, and what the works would have been worth if completed according to contract; that was, the benefit or profit the city would have reaped from the performance of the contract. Porter v. Burkett, 65 Texas, 386; 10 N. Y., 371.

If said eighth finding of fact is sufficient to establish the value of the system of works, if completed according to contract, at $100,000, then, by deducting from that sum the contract price, $78,205, we have the damages the city suffered by, and was entitled to recover for, breach of the contract, to wit, $21,795.

The record does not disclose the grounds upon which the trial court refused to allow the city any recovery, the only remark on the subject of its right to recover being a conclusion of law, "that the city is not entitled to recover any damages in this case." The Court of Civil Appeals, however, in affirming the judgment of the court below, bases its opinion upon the proposition that said eighth finding "is a conditional finding, and is not sufficient upon which to base a judgment for damages." It must be admitted that the true scope and meaning of this finding of fact is, in the absence of a statement of facts, not free from doubt.

If the evidence adduced on the trial were before us, and it should appear therefrom that the quantum and character of proof were sufficient to show the value of the works if completed according to contract as being $100,000, except that there was no proof as to whether 250,000 gallons of water per twenty-four hours could have been disposed of by the city, then it would be clear that the proviso in said eighth finding was intended to express a conviction in the mind of the trial court that proof of value could not be made without showing a market for the water, but that if such proof was not *essential*, then the other proof was sufficient to establish the value at $100,000.

In the absence of an exception to the finding and a statement of facts, we think we should so construe it as to give it effect as a finding of value of the property, if such value can be established without proof of the fact that the 250,000 gallons "of water could have been utilized in said city."

An abundance of water is an important factor in the building up and development of a city and the promotion of the health and prosperity of its inhabitants. The means of securing such supply are

necessarily expensive, and should be of a permanent nature. It would not be the part of wisdom to construct a system for a growing city with capacity sufficient only to supply present wants, nor could we say that it would be advisable to operate machinery to its full capacity. A reserve power may be of value, if not essential. The contract in this case indicates such foresight, for the pumps contracted for were each to have a capacity of 500,000 gallons, or double the amount of water contracted. The city had the right to determine the character and capacity of the works it would construct. Connor & Oliver, having agreed to construct works of a given capacity, can not evade liability for the damages resulting from breach of the contract, by requiring the city to prove that she could have used the amount of water the works would have furnished if constructed according to contract and run to their full capacity.

We are of opinion, that it was not *essential* for the city to show that it could have used the 250,000 gallons of water contracted for, in order to establish the value of the works, and that the eighth finding of fact is sufficient to establish their value and to entitle the city to damages for breach of the contract.

The judgment must therefore be reversed for failure to allow the city damages, and the cause will be remanded for another trial, for the reason that the record contains so little information as to the real facts, that it is not clear to us that injustice might not be done Connor & Oliver by rendering judgment here for the $21,795, less the $4100 above mentioned, as we would be constrained to do under our view of the law, were we to render judgment now.

For the reason that the record does not disclose the facts more fully, we do not feel warranted in attempting to determine the measure of damages on another trial; but will suggest, that if the works actually constructed were to the extent of their construction in substantial compliance with the contract, then, if the amount it would take to complete the works according to contract, added to the amount paid, would not exceed the contract price, the city could not recover on its claim for damages; but if the amount paid and the sum necessary to completion exceed the contract price, then the city would be entitled to recover the excess, unless the amount paid and the sum necessary to completion exceed the value of the works completed according to contract, in which event the difference in the value, if they had been completed according to contract, and the contract price would be the measure of the city's recovery on its claim for damages. These suggestions relate *solely* to the city's claim for damages, and do not affect Connor & Oliver's right to recover on their implied contract above discussed.

The judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered February 18, 1895.

BROWN, Associate Justice, did not sit in this case.