ELLISON FURNITURE & CARPET CO. v. LANGEVER.

(Court of Civil Appeals of Texas. Oct. 24, 1908.)

On application for rehearing. Overruled. For former opinion, see 113 S. W. 178.

SPEER, J. Counsel for appellee insists that, as the ruling in the case of Linch v. Paris Lumber & Grain Co. (Sup.) 14 S. W. 701, cited by us in the original opinion, was reversed on rehearing (80 Tex. 37, 15 S. W. 208), the real holding of the Supreme Court in that case is in line with his contention. But we do not so construe the opinion. The construction finally placed on the contract there considered removed from that case the question of substituting other building columns for those mentioned in the contract, and, therefore, the question of substantial compliance, and because of the decision of which we cited the first opinion, and to that extent, of course, impaired the value of that decision as an authority. We do not understand the final decision, however, to go further than to announce the general doctrine that a substantial compliance with a building contract is sufficient, which general doctrine we have never questioned, but which we are still of the opinion has no application to the facts of this case. The application for rehearing is overruled.

Reversed and remanded.

---

GUNN v. SMITH.

(Court of Civil Appeals of Texas. March 29, 1911.)

DAMAGES (§ 147*)—PLEADING.

In an action, against a contractor for delay in completing a building, an allegation of the petition as to the rental value of the property was sufficient, without an allegation as to whom plaintiff could have rented it.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 412; Dec. Dig. § 147.*]

Appeal from Williamson County Court; T. J. Lawhon, Judge.

Action by W. G. Smith against A. A. Gunn. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Stanton Allen and Wilcox & Graves, for appellant. W. A. Barlow, for appellee.

JENKINS, J. Appellee contracted with appellant to build for him a brick storehouse in the town of Bartlett. Said contract was made about August 1, 1907, and appellee al-

leges that said house was to be completed and delivered to him in 90 days, but that it was not completed until about August 10, 1908. He alleges the rental value of said house from the time it should have been completed to the time it was completed to have been $50 per month. A trial before a jury resulted in a verdict and judgment for appellee for $213.33⅓.

Appellant assigns as error the overruling of his special exception to the appellee's petition. Appellee alleged the rental value of the house. The exception is to the effect that he did not allege to whom he could have rented it. The allegation was sufficient. A party is not required to plead his evidence.

Appellant also assigns error on the charge of the court. The charge is in substantial compliance with the law of this case, as indicated by the opinion of this court on a former appeal of this case. Smith v. Gunn, 122 S. W. 919.

The other assignments are to the effect that the verdict of the jury is not supported by the evidence. The evidence amply supports the verdict.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.