ELLISON FURNITURE & CARPET COMPANY v. J. J. LANGEVER.

Decided October 24, 1908.

**Contract—Strict Compliance.**

A plaintiff had entered into a contract to construct an electric sign the border of which should contain two hundred and ninety-six lights; the sign as actually constructed contained only two hundred and sixty-three lights; in a suit to collect the contract price the court charged the jury to find for the plaintiff if they believed from the evidence that the sign as constructed

was a substantial compliance with the contract. Held, error. The courts can not make a new or different contract for the parties. As parties bind themselves so must they be bound. It was immaterial that the sign actually constructed was as good or even better than that stipulated for.

Appeal from the County Court of Tarrant County. Tried below before Hon. John L. Terrell.

*Morgan Bryan,* for appellant.—The law of the case is, we submit, that if the parties entered into a contract whereby plaintiff agreed to construct an electric sign for defendant containing 296 lamps in the border thereof, and the sign actually constructed contained only 263 lamps, or a less number than 296, then defendant was not bound to accept it when tendered because it was not the sign contracted for; it was not even a substantial compliance; hence the charge was erroneous. Clark on Contracts, p. 431, sec. 233; 1 Beach on Contracts, p. 145; Bradford v. Whitcomb, 11 Texas Civ. App., 222; Elliott v. Caldwell, 9 L. R. A., 52.

Where parties have made a contract, it is not the law, and it is erroneous, for the court to submit to the jury whether a particular term of the contract was a material inducement to making it. If there was an agreement that plaintiff would not erect another sign like the one defendant ordered, and plaintiff breached the agreement, then defendant, as a matter of law, was relieved. It was for the court to assume what was material and submit the questions of fact to the jury. Globe Works v. Wright, 106 Mass., 207-216.

*T. J. Powell* and *Theodore Mack,* for appellee.—The court's charge states the rule of law abstractly and correctly, and, being followed by paragraphs applying the law to the facts of the case, which was founded on a builder's contract, no error is apparent. Linch v. Paris Lumber Co., 80 Texas, 37; Bradford v. Whitcomb, 32 S. W., 571; Jennings v. Willer, 32 S. W., 24, 27; Crouch v. Gutmann, 134 N. Y., 45; 30 Am. St. Rep., 608, note at page 616; 9 Cyc., 600, 602; 6 Cyc., 57.

SPEER, ASSOCIATE JUSTICE.—Appellee recovered judgment against appellant in the sum of four hundred and eighty-eight dollars for the contract price of a certain electric sign built for it, from which judgment the defendant has appealed.

Appellant's defense was that appellee undertook to construct for it a certain electric sign according to plans and specifications agreed on between the parties, that the lights in the word "Ellison," constituting the sign were to burn steady, and that the same should be surrounded by a border consisting of rows of electric lights, containing two hundred and ninety six lamps so arranged that, by a system of intermittent lights, the border produced the effect of two snakes chasing each other around the word "Ellison;" that appellee also agreed that he would not build another "snake" sign in the city of Fort Worth, but alleged that he had not only failed to construct the sign according to his agreement, in that he had placed a less number of lights in the border than called for, but had used inferior material and workmanship in the construction of the sign, and had also built and erected another crawling snake sign in the city of Fort Worth for a saloon man. Appellee resents the imputation that he

has violated his contract or the proprieties by erecting a crawling snake sign for a saloon-keeper by replying that the latter sign was known as a "rat-chaser."

The assignments of error for the most part relate to the court's charge, which is here set out:

1. "The law demands of a person making a contract that he should substantially comply with his contract in every material particular, as called for, by a fair, reasonable and practical construction of the contract between the parties.

2. "If you find from the evidence that it was agreed between the parties that there were to be 296 bulbs in the sign's border, and the sign as constructed by plaintiff and tendered defendant was not in substantial compliance with the contract's terms, you will find for the defendant. But if you believe that the said number of bulbs was not in the contract, or that the sign as tendered, as to the bulbs in the border, was a substantial compliance with the terms of the contract, you will find for plaintiff on this issue.

3. "If you find from the evidence that it was understood between the parties, as a part of the contract, that plaintiff would not make another crawling snake sign in Fort Worth, and that said agreement, if any, of plaintiff's was a material inducement to defendant to contract for the sign, and that plaintiff did make or place in the city of Fort Worth another crawling snake sign, then you will find for defendant. But if you find that plaintiff did not agree not to make another crawling snake sign in Fort Worth, or that, if plaintiff did so agree, defendant was not induced thereby to enter into the contract, or that plaintiff did not make another crawling snake sign in Fort Worth, you'll find for the plaintiff on this issue of the case."

We think the court erred in permitting the jury to find, as he did, that appellee might recover upon the theory of substantial compliance with his contract. The evidence shows without dispute that the sign actually constructed contained only two hundred and sixty-three lamps in the border, whereas appellant contended for two hundred and ninety-six. Appellant's president testified that the border of the sign was the principal thing, and he was especially desirous of having the right number of lamps in the border so as to produce the desired effect. If the parties to the contract specifically stipulated that the border should contain two hundred and ninety-six lights, the courts would have no power to set aside such stipulation, but the appellee would be bound by it even though a less number of lights might be more desirable, either from the standard of beauty or utility. Any other rule would put it beyond the power of the parties to contract as they please, and would require the appellant to accept and pay for something it had never bargained for. The doctrine of substantial compliance has no application under the facts of this case. If appellant contracted for a specific number of lights in the border of his sign, appellee has not complied by placing therein a less number. (Linch v. Paris Lumber & Grain Co., 14 S. W., 701.)

In the case of Ross Armstrong Co. v. Shaw, No. 4888, an unpublished opinion by this court, Shaw sued Ross Armstrong Company to cancel a series of notes given for the purchase price of a piano, alleging that the piano was sold to plaintiff upon a specific representation that the same

had no mandolin attachment, whereas the piano actually delivered had such an attachment, and the defense interposed was that, inasmuch as the attachment did not injure the piano, but was just that much more than was bargained for, the representation was not material, and therefore no ground for relief. We there held, however, that the representation was material, and, the evidence showing it to be false, the plaintiff was entitled to relief upon the broad ground that, as parties bind themselves, so must they be bound. The case is analogous in principle to the one under consideration. It can make no difference that the sign, as actually constructed and tendered to appellant, is as good or even better than if it contained the requisite number of electric lights, since that is a matter controlled by the terms of the contract entered into between the parties.

If we are correct in our reasoning above, it also follows that the court erred in the third paragraph of his charge, submitting to the jury to find whether or not the stipulation that appellee would not make another similar sign in Fort Worth was a material inducement to appellant to enter into the contract.

The court also erred in permitting the appellee to testify that he placed a greater number of lamps in the word "Ellison" than he had agreed to, since it was wholly irrelevant to any issue in the case, and could only tend to excuse him in the minds of the jurors from a full compliance with the contract in the other important particular already discussed. There is some evidence tending to show that appellant waived appellee's breach of the contract by approving a sketch or plan of the sign showing a less number of lights than he originally contracted for, and the pleadings perhaps made pertinent this defense, but the court seems not to have submitted the question to the jury.

For the errors discussed the judgment of the County Court is reversed, and the cause remanded for another trial.

### ON REHEARING.

Counsel for appellee insists that, as the ruling in the case of Linch v. Paris Lumber & Grain Co., 14 S. W., 701, cited by us in the original opinion, was reversed on rehearing (80 Texas, 37), the real holding of the Supreme Court in that case is in line with his contention. But we do not so construe the opinion. The construction finally placed on the contract there considered removed from that case the question of substituting other building columns for those mentioned in the contract, and, therefore, the question of substantial compliance, and because of the decision of which we cited the first opinion, and to that extent, of course, impaired the value of that decision as an authority. We do not understand the final decision, however, to go further than to announce the general doctrine that a substantial compliance with a building contract is sufficient, which general doctrine we have never questioned, but which we are still of the opinion has no application to the facts of this case. The application for rehearing is overruled.

*Reversed and remanded.*