PERRY v. SMITH. (No. 844.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 20, 1915.)

SALES ☞128 — CONTRACT — RESCISSION — EVIDENCE.

Where a purchaser of a piano told the seller that he could not pay for it and that he wanted him to take it back, and the seller told him to keep it for a while and they would decide what a reasonable compensation for its use was, and that the purchaser should then pay for cartage, and the seller would then return to the purchaser his notes given for the price, there was no rescission of the contract, so that the seller was still entitled to recover on the notes.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 257, 277, 318, 320, 321; Dec. Dig. ☞128.]

Appeal from District Court, Hemphill County; F. P. Greever, Judge.

Action by Earl B. Smith against J. S. Perry. From a judgment for plaintiff, defendant appeals. Affirmed.

H. E. Hoover and J. L. Jennings, both of Canadian, for appellant. Baker & Willis, of Canadian, for appellee.

HALL, J. Appellee sued appellant upon four promissory notes in the sum of $119.16 each, payable to the order of Earl B. Smith Music Company, and given for the purchase price of a certain piano. The notes provided for interest, attorney's fees, and were secured by chattel mortgage on the instrument. There was a prayer for the amount sued for and a foreclosure of the lien. Defendant's answer consisted of general and special demurrers, general denial, and after admitting the execution and delivery of the notes, pleaded that thereafter he went to the payee and advised him that he was unable to pay for the piano, whereupon an agreement was entered into between the parties, whereby the piano should be returned to appellee, and the notes surrendered and canceled. It was further alleged that the appellee told appellant to keep the piano at his house until appellee called for it, at which time they would adjust the matter of compensation for the use of the piano.

The evidence of Perry shows that the minds of the parties did not meet upon the agreement to rescind. It shows that a rescission might be effected when the notes were returned and an agreement between the parties made as to a reasonable amount to be paid by Perry for the use of the instrument, and that Perry was also to pay the cartage. No agreement was ever entered into as to what amount was reasonable. There was nothing more than an understanding that Smith should accept the return of the piano at some future time, not stated, provided the appellee could regain ownership of the notes which he had hypothecated; and provided, further, Perry would return the instrument at his own expense and pay a reasonable amount

for the use thereof while in his possession. Simpkins on Contracts (3d Ed.) pp. 16, 21; Summers v. Mills, 21 Tex. 78; Jackson v. Butler, 51 S. W. 1097; Hubbard City Cotton Oil Co. v. Nichols, 89 S. W. 705; City of Sherman v. Connor, 88 Tex. 40, 29 S. W. 1053; San Antonio, etc., Co. v. Marx, 87 S. W. 1166; Ingham v. Cisco Oil Co., 38 Tex. Civ. App. 608, 86 S. W. 630.

Several other assignments of error relating to the exclusion of evidence are presented in appellant's brief, which are without merit or in the light of what has been said are immaterial in the decision of the case.

The court did not err in directing a verdict, and the judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes