### HARRELL v. CITY OF LUFKIN.*
(No. 731–4322.)

(Commission of Appeals of Texas, Section A. Feb. 10, 1926.)

I. Contracts ⬤⇒284(4)—Supervisor may be appointed by contracting parties, whose decision may be given res judicata effect if within scope of his powers.

Parties to an executory contract may designate another to supervise work and materials as to their compliance with the contract, and may give supervisor's decisions res judicata effect, but acts beyond scope of supervisor's powers are coram non judice.

2. Contracts ⬤⇒284(4)—Question whether decision of supervisor, claimed to be res judicata, is within authority conferred arises, regardless of whether made in good faith.

Where the decisions of a supervisor, appointed under executory contract, are claimed to be res judicata, questions as to whether he acted within scope of his authority arise regardless of fraud or mistake on his part, for, if decision is beyond authority conferred, it is inconclusive, though made in good faith and with proper skill.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied April 7, 1926.

**3. Municipal corporations ⬯365—Acceptance of paving work under novated contract held not conclusive on abutting owner, not party.**

City's contract with abutting property owners for payment for paving, whereby acceptance of improvement by city was to be conclusive of proper performance, does not apply to improvements, under a subsequent contract by novation, with parties laying the pavement, permitting use of materials not originally prescribed, to which property owner was not a party, and acceptance of improvements under later contract is not binding on property owner, and he cannot be compelled to pay for same.

**4. Appeal and error ⬯854(2)—Judgment may be right, though based on unsound reason.**

A judgment may be right, notwithstanding designation of unsound reason.

**5. Municipal corporations ⬯365—Recovery for paving cost upon quantum meruit or substantial performance not permitted.**

In action by city against a property owner to recover for cost of pavement under contract with abutting property owners to pay for same, where city permitted use of materials other than specified in its contract with the parties laying the pavement, and jury found that there was no substantial performance, the city could not recover under quantum meruit or by virtue of the doctrine of substantial performance.

**6. Municipal corporations ⬯359 — Material changes in paving contract precludes existence of substantial performance.**

Intentional material changes in contract for laying pavement, which was not of practically equivalent quality and value, precludes existence of substantial performance.

**7. Municipal corporations ⬯488, 489(7) — Property owner held not estopped from denying liability for pavement with materials other than specified.**

Where contract by city with abutting property owners for payment for paving made city's acceptance of improvements conclusive as to proper performance, but city subsequently permitted use of materials other than specified, a property owner cannot be estopped to deny liability by failing to object to character of pavement after knowledge of change and enhancement of his property values, where he did not contribute to the substitution, and pavement did not become his property, nor did he accept the benefits otherwise than as imposed upon him.

**8. Estoppel ⬯95—Injured party's ignorance of truth is element of estoppel by silence.**

An injured party's ignorance of the truth is an element of estoppel by silence.

**9. Appeal and error ⬯1082(2) — Point not raised on appeal to Court of Civil Appeals not considered on writ of error.**

Where no assignment of error relating to estoppel was presented on appeal to Court of Civil Appeals, the suggestion cannot be well taken on writ of error to review Court of Civil Appeals.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by the City of Lufkin against C. H. Harrell. Judgment for the defendant was reversed by the Court of Civil Appeals (265 S. W. 179), and defendant brings error. Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.

Martin M. Feagin, of Livingston, and Fairchild & Redditt and Collins & Collins, all of Lufkin, for plaintiff in error.

W. O. Seale, R. E. Minton, and Mantooth & Denman, all of Lufkin, for defendant in error.

NICKELS, J. With certain supplementary statements to be made, the case is sufficiently stated in the opinion of the honorable Court of Civil Appeals (265 S. W. 179). To that court's expression that the contract between Hadden & Austin and Shear, on the one hand, and the city, upon the other, stipulated for "alternative material" for the "waterbound macadam base," should be added this statement: The "alternative material" had to be "stone" of sizes and quality equal to a standard prescribed. The statement that the city permitted "a novation in the contract" (between the builders and itself) as to the "alternative materials," so as to permit part substitution of Galveston Bay "mudshell" for "stone," should be elaborated by saying that this "novation" was made several months after the making of the contract between the city and Harrell, and that Harrell was not consulted about and was in no sense a party to the "novation." The city's right to recover is predicated alone upon the terms of the contract made with Harrell, which incorporated the original contract between the city and the builders. Performance of that original contract is expressly made the consideration of Harrell's contract. The city averred performance. Harrell denied, and alleged lack even of substantial performance, and existence of fraud and mistake in the acceptance of the work and materials by the city.

That there was not a strict performance of the original (building) contract was affirmatively proved by the city and by Harrell, and found as a fact by the Court of Civil Appeals. All parties proved, also, the "novation" and intentional substitution of materials, and this is found as a fact by the Court of Civil Appeals. The jury returned a verdict (on a special issue submitted) to the effect that the pavement was not laid in substantial conformity to the requirements of Harrell's contract.

With the record in that condition the honorable Court of Civil Appeals reversed the judgment of the district court and rendered judgment for the city for the amount claimed. That action rests upon these conclusions of

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

law: (a) There is "no evidence raising an issue against an honest effort on the part of "the city" to protect "Harrell's interests"; (b) there was an "acceptance" by the city, which is conclusive against Harrell in respect to performance, in accordance with the following term of the contract sued upon, to wit:

"It is agreed that the acceptance of said improvements by the city shall be conclusive between the parties hereto of the proper performance of the contract therefor."

The first stated conclusion means (and was applied as meaning) that there is no evidence to present an issue of fraud or gross mistake in the "acceptance."

[1] It is unquestionably true that parties to an executory contract may include in their agreement a provision designating a person or agency to supervise the work to be done or the materials to be used, and to inspect the same and report as to compliance, or not, of the work or materials, or both, with the contractual requirements, and they may give the supervisor's acts and decisions res judicata effect. G. H. & S. A. Ry. Co. v. Henry & Dilley, 65 Tex. 685; Kilgore v. Baptist Ed. Soc., 35 S. W. 145, 89 Tex. 465; Jones v. Risley, 32 S. W. 1027, 91 Tex. 1; Craven v. Davison (Tex. Com. App.) 276 S. W. 196, 197; Deal v. Craven (Tex. Com. App.) 277 S. W. 1046; Blum Milling Co. v. Moore-Seaver Grain Co. (Tex. Com. App.) 277 S. W. 78, and other cases there cited. But whenever that effect is claimed, an inquiry about the scope of the referee's power immediately projects itself; his acts beyond that scope are coram non judice, plainly, and perhaps in a stricter sense than is applicable to analogous judgments of courts. G. H. & S. A. Ry. Co. v. Henry & Dilley, supra, and the authorities to the point cited in Blum Milling Co. v. Moore-Seaver Grain Co., supra.

[2] The inquiry exists regardless of presence (or absence) of contentions of fraud, gross mistake, etc.; and if the act done, or the decision made, is beyond the authority conferred, it lacks any element of conclusiveness, though done in utmost good faith and with proper skill. Id. He is not empowered to interpret the contract differently from its proper meaning, or to act "upon such construction as he may choose to give it"; and (save in exceptional cases, at least) he is not made the arbitrator to whom "is referred differences as to the meaning of the contract; and he cannot adopt rules of measurement," etc., etc., "that it does not authorize"—all of which means, of course, that he cannot make a new contract for the parties. Id. Application of these principles to the city's "acceptance" here dispels its supposedly binding effect.

[3] For Harrell's contract was made in July, 1920, and, of necessity, "the proper performance of the contract" for "said improvements" (referred to in the provision for "acceptance by the city") related to the "improvements" stipulated for in the specifications then existing and the pre-existent "contract" of Hadden & Austin. There can be no warrant for saying that the agreement between the city and Harrell, thus plainly made in July, 1920 (and which is the sole agreement as to "acceptance by the city" and the effect thereof), exerts operative force in respect to an "acceptance" of work done and materials used, under another and different (novated) contract made in October, 1920, to which Harrell was in no sense a party. The "improvements" thus "accepted" were not "said improvements" named in the stipulation relied upon, nor was the judgment used by the city in the "acceptance" exercised in respect "of the proper performance" of "the contract" referred to in the stipulation. It was not such an "acceptance" as was, or could have been, within the contemplation of Harrell and the city when they signed the contract upon which the suit was brought; hence it was in no sense binding upon Harrell.

[4] Because of the conclusions just stated, the question of whether or not there was evidence raising the issues of fraud or gross mistake in respect to the "acceptance by the city" is immaterial; hence, we do not discuss it. And because there is no alchemy in the city's "acceptance" efficiently converting demonstrated nonperformance into that compliance which was within the parties' expectations when the contract sued upon was made, the judgment of the trial court cannot be overturned for any of the reasons assigned by the Court of Civil Appeals. However, since a judgment may be right notwithstanding designation of an unsound reason, we notice some other things suggested by the record and the arguments of counsel.

[5, 6] Neither the pleading nor the evidence presents a condition under which the city might recover upon a quantum meruit, or in virtue of the doctrine of substantial performance. The essential basis of such relief is not alleged, nor is it prayed. Besides, the jury's verdict is that there was not a substantial performance. That finding not only has ample support in the evidence, but the evidence is all one way upon it, for, as a matter of law, there is absence of "substantial performance," since the changes were intentionally made and "structural" in their nature. Intentional material changes preclude existence of at least two of the primal elements of "substantial performance." Linch v. Paris Lbr. & G. Co., 15 S. W. 208, 80 Tex. 23; Graves v. Allert & Fuess, 142 S. W. 869, 104 Tex. 614, 39 L. R. A. (N. S.) 591; City of Sherman v. Connor, 29 S. W. 1053, 88 Tex. 35; Atkinson v. Jackson (Tex. Com. App.) 272 S. W. 616, 619, 620; Ellison F. & C. Co. v. Langever, 113 S. W. 178, 135 S. W. 1059, 52 Tex. Civ. App. 50; Fessman v. Barnes (Tex. Civ. App.) 108 S. W. 170; Page on Con-

tracts, §§ 2780, 2781, 2783; 1 Beach, Modern Law of Contracts, §§ 293, 294. The jury's finding, in view of conflicting testimony as to comparative merit of the pavement contracted for originally and that finally laid, removes the third element of "practically equivalent quality and value." Id.

[7-9] In argument (oral and written) in behalf of the city, estoppel was suggested. Harrell's silence—failure to object to the character of pavement being laid, after knowledge of the change of materials, and consequent enhancement of his property values, is the predicate of that supposed estoppel. But he did not cause, or contribute by word or act to cause, the substitution. He was not consulted or otherwise called upon to affirm or disaffirm. The pavement was not on Harrell's premises; it did not become his property, as a fixture or otherwise; nor did he accept the supposed benefits otherwise than as the same were (externally) imposed upon him. Such obligations as were involved in City of Sherman v. Connor, supra; Anderson Electric Co. v. Cleburne (Tex. Civ. App.) 44 S. W. 929; Jennings v. Willer (Tex. Civ. App.) 32 S. W. 24; Blakeslee v. Holt, 42 Conn. 226; Mercantile Trust Co. v. Hensey, 27 App. D. C. 210; and Twitty v. McGuire, 7 N. C. 501, could not arise against him. And, too, the injured party's "ignorance of the truth" which is an element of estoppel by silence (16 Cyc. p. 759) was wholly lacking. And no assignment of error relating to the question of estoppel was filed or presented in the city's appeal from the district court's judgment. The suggestion, therefore, cannot be well taken.

Accordingly, we recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the district court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.