**GREEN MACHINERY CO. v. GREEN.**

No. 6334.

Court of Civil Appeals of Texas.
Amarillo.

Oct. 26, 1953.

---

W. D. Hollars, Plainview, for appellant.

Aldridge & Aldridge, Farwell, for appellee.

MARTIN, Justice.

Appellant, Green Machinery Company, sued appellee, M. F. Green, for a balance of $2045 alleged to be due under a parol contract for drilling an irrigation well and for casing and irrigation machinery delivered to appellee under such contract.

Appellee pleaded in defense of the suit that the well was drilled and the machinery was furnished under a parol contract between the parties and that such contract provided appellant would drill the irrigation well into water-bearing gravel. Appellee further pleaded that the parol contract between the parties provided that in the event the well was not drilled into water-bearing gravel appellee would not be required to pay for the well. By way of cross-action, appellee pleaded that he paid appellant the sum of $2142 on the contract in the mistaken belief that appellant had drilled the well into water-bearing gravel and that when he learned the well had not been drilled into water-bearing gravel, he retained a motor and other equipment sent out by appellant, of the value of $1780, to secure himself in the repayment of the $2142 paid in error.

Issues were submitted to the jury upon the facts introduced under the pleadings of

the parties and all answers returned were favorable to appellee. The jury found under Special Issue No. 2 that appellant failed to drill the well into water-bearing gravel. Under Special Issue No. 3 the jury found that appellee was not to pay for the well unless it was drilled into water-bearing gravel. Upon the verdict of the jury, the trial court rendered judgment that appellant take nothing by its suit and that appellee recover from appellant the sum of $362 due appellee as the balance over the value of the equipment retained by appellee as security for his original payment of $2142.

Appellant, after the jury had returned its verdict, filed a motion for judgment non obstante veredicto under the theory that appellee had accepted the benefits of the contract between the parties and was thereby estopped to deny his liability thereunder. Appellant's three points of error are based on the proposition that appellee, by retaining possession of the equipment, should be required to either pay the amount due on the contract or, at least, should not have a return of the money paid to appellant without redelivery of the casing from the well.

■ The jury finding that appellant agreed to drill the well into the water-bearing gravel for a distance of 25 to 50 feet and the further finding that the parties agreed that Dr. Green, appellee, would not pay for the well if the well were not so drilled into the water-bearing gravel 25 to 50 feet required proof of performance under such provision of the contract as a condition to recovery thereunder. Since the jury further found that appellant did not comply with the provision of the contract requiring that the well be drilled into the water-bearing gravel, judgment was correctly entered denying appellant a recovery on the contract. "It is also elementary that a party to a contract who is himself in default cannot maintain a suit for its breach". Gulf Pipe Line Co. v. Nearen, 135 Tex. 50, 138 S.W.2d 1065, 1068, Syl. 2–4. Also see American Water Co. v. Bunge, Tex.Civ.App., 213 S.W. 2d 93; City of Sherman v. Connor, 88 Tex.

35, 29 S.W. 1053; Bute v. Holland, Tex. Civ.App., 155 S.W.2d 69.

Appellant's contention that appellee received the benefits of the contract and was thereby estopped to deny his liability under such contract was not pleaded in the cause nor was any request made that an issue be submitted to the jury under such theory. Under appellee's pleadings as to his cross-action, he testified that he kept the Chrysler motor and certain other equipment to protect himself in a return of the $2142 paid appellant in the erroneous belief that the well had been drilled into the gravel as provided by their parol contract. The evidence as to the making of this $2142 payment raised an issue as to whether appellee made such payment to the appellant with full knowledge that the well had not been drilled into the gravel. But no pleading was filed as to such issue nor was submission of an issue requested on this phase of the case and the same was waived.

■■ As to the issue submitted in the cause, it is noted that Dwight Green, Vice-president of appellant corporation, testified that the parties agreed as to the drilling of the well that appellant was "to get it out of the fine sand * * * and to get it down in the gravel." The trial court correctly overruled appellant's motion for judgment non obstante veredicto as the jury issues were supported by the pleadings and by evidence in the cause. As to the jury findings, there is no assignment that the verdict of the jury on any issue was against the great weight and preponderance of the evidence. Nor was there any objection to the issues as submitted or any request for the submission of additional issues in the cause. "When the omitted issue constitutes a complete ground of recovery, or a complete defense, a failure to request a submission of that issue waives said ground of recovery or said ground of defense." Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084, 1085, Reid v. Associated Employers Lloyds, Tex.Civ. App., 164 S.W.2d 584, writ refused.

Appellant's points of error are overruled and the judgment of the trial court is affirmed.