## Orient Mutual Insurance Company v. J. Reymershoffer's Sons, for Use of Fernando Chao.

(Case No. 1417.)

1. Underwriters' contract with — Nature of goods.— Usage — Evidence admissible — Payment of losses.— In a suit against an insurance company for the value of eighty barrels of honey insured by them, to be carried on a vessel from Tuspan, Mexico, to Galveston, Texas, and alleged to have been lost in a storm at sea, the defendants claimed that the honey was carried on deck, and for that reason denied liability therefor. *Held,*

(1) That a policy on property in general terms, "laden or to be laden on board," does not cover property on deck; but if the goods are named, and are such as are usually carried on deck, in the particular trade, for satisfactory reasons, this will be presumed to have been known to persons doing an insurance business in such particular trade, and to have been contemplated by the parties to the insurance contract.

(2) Where, from the nature of the articles, they can properly be carried only on deck, it is a condition that they shall be so carried.

(3) The statements of experienced persons as to how the business in question had been carried on for a series of years, were admissible in evidence as tending to show the usage in the trade.

(4) In order to establish the liability of the underwriters, it was not necessary to show a custom among them to pay losses on goods carried on deck.

Appeal from Galveston. Tried below before the Hon. Wm. H. Stewart.

*Street & Kleberg,* for appellant.

I. The court erred in refusing instruction as asked by by the defendant, viz.: That the carriage on and under deck does not constitute a valid usage of carriage on deck binding on the defendant company under its open policy, and that they were so carried is not sufficient, unless the defendant or its agents knew the fact, and in annexing to said instructions the qualification that the defendant company would be liable without knowledge or notice, if there was a usage so to carry in the particular trade.

Goods carried on deck are not covered by the general terms of a policy — "as goods laden on board, etc." — unless "from the description of the voyage or the character of the articles specified in the policy the underwriter may be presumed to be apprised of a usage to carry such goods on deck;" and when the policy is an open one, goods so carried will not be covered unless there is a uniform, established, well-known and reasonable custom to carry them on deck; and a usage to carry promiscuously on and under deck (as charged by the court in addenda to instruction asked by defendant), however general, cannot affect the underwriter with liability for the loss of goods carried on deck.  1 Phillips, §§ 438, 460; 1 Parsons, § 529; Taunton Copper Co. v. Merchants' Ins. Co., 22 Pick., 111; Lawson on Customs, 18, 19.

II. The court erred in admitting the evidence of the several witnesses offered by plaintiffs to show a usage to carry on deck, objected to by defendant, and more specifically shown by bills of exception in the statement of facts, because said testimony did not tend to establish a certain uniform, general, reasonable and well-known legal usage. Evidence that a particular character of goods on a voyage between given ports are carried sometimes on deck and sometimes below deck, is inadmissible to establish a usage to carry on deck, because a usage must be certain and uniform; such evidence would be more properly admissible to disprove the existence of the usage.

III. The court erred in overruling defendant's motion for new trial, because the verdict of the jury was unsupported by the evidence, and contrary to the instructions of the court, in that there was no evidence tending to show an established usage among underwriters to pay for loss of goods on deck, under an open policy, without express agreement. To import into an open policy an agreement to pay for goods on deck, it is not sufficient to establish a particular usage; i. e., a usage to convey the

particular goods on deck in a particular trade; but unless a general usage is shown, it is essential to prove a usage among underwriters to pay for loss of such goods so carried, either generally or in the particular trade.

*Wheeler & Rhodes,* for appellees.

STAYTON, ASSOCIATE JUSTICE.— This suit was brought by Reymershoffer's Sons for the use of Fernando Chao, against the Orient Mutual Insurance Co., to recover the value of eighty barrels of honey, alleged to have been insured under the company's open policy, and to have been lost in a storm at sea from the vessel on which the same was shipped, while in transit from Tuspan, Mexico, to Galveston, Texas.

There was no question made as to the execution of the policy, and memorandum applying the cargo of which the honey was a part, nor as to the loss; but it was claimed that the honey was carried upon the deck of the vessel, and on that account liability therefor was denied. The loss occurred in August or September, 1879.

The policy was in the usual form, and contained no stipulation as to the particular manner in which the goods should be stowed, but in terms applied to the property lost, which was specified in the bill of lading and application as "goods laden or to be laden on board," etc.

There was a trial by a jury, and a verdict for plaintiffs, from which this appeal is prosecuted.

On the trial the appellant asked the court to instruct the jury as follows: "If you find from the evidence that honey is carried on deck and under deck in the trade between Tuspan and Galveston, you are instructed that this does not constitute a valid usage binding on the defendant under its open policy for goods carried on deck. The fact that it is frequently so carried is not sufficient, unless it is shown to your satisfaction that the defendant or its agent knew the fact;" to which the court added the

following words: "or that the usage was so general as to raise a presumption of such knowledge by all persons engaged in that trade," and then gave the same with the addenda.

This is assigned as error. There was testimony tending to show that vessels carrying between Tuspan and Galveston were small and generally carried honey on deck, for several reasons given by the witnesses, among which were: First, that in the summer time honey could not be carried under deck because of leakage and fermentation, which did not occur when carried on deck. Second, because access could not be had to it under deck, and by leakage it did damage to other freight which it was necessary to carry under deck.

There was testimony to this effect by masters of vessels and others engaged therein, which were in the trade between Tuspan and Galveston, as well as by persons in Galveston engaged in insurance and other business, which gave them opportunity to have knowledge upon the subject; but there was conflict in the evidence.

The general rule is that a policy on property in general terms, "laden or to be laden on board," would not cover property laden upon deck; but if the property or goods are named, and are such as are usually carried on deck in the particular trade, either because it is necessary for the preservation of the named property or for the safety of the other cargo, passengers on the vessel, or even for convenience, this will be presumed to have been known to such persons as are doing an insurance business in the particular trade, and that the same was contemplated by the parties when the insurance contract was made; and hence it will be as binding upon the parties as though the policy contained an express stipulation that the property should be stowed and carried on deck. Meaher v. Lufkin, 21 Tex., 391; 1 Phillips on Insurance, 238, and citations; 2 Parsons on Marine Insurance, 222, and citations.

"When, from the nature of the articles, they can properly be carried only on deck, it is as much a condition that they shall be so carried as in other cases it is a condition to store in the hold." 1 Phillips on Insurance, 237.

If a general usage to carry goods on deck exists, underwriters who are doing business in the particular trade must take notice of it, and their contracts must be construed with reference to such usage. 1 Phillips on Insurance, 235; 20 Wall., 492; 6 Wait's Actions and Defenses, 628, and citations.

The rule is thus stated by Mr. Arnould: "Every usage of a particular trade which is so well settled or so generally known that all persons engaged in that trade may be fairly considered as contracting with reference to it, is considered to form a part of any policy designed to protect risks in such trade, unless the express terms of the policy decisively repel the inference." Arnould on Insurance, 85.

It is contended that the court erred in admitting testimony tending to show that it was usual, in the trade between Tuspan and Galveston, to carry honey on deck in the summer time. This objection goes rather to the sufficiency of the evidence than to its admissibility; for if the evidence tended, as it did, to show such usage, it was admissible.

If a course of business is so constant and general that all persons engaged therein cannot, with a due regard to their own interests, be ignorant of it, they are presumed to have knowledge of it, and it may then be looked to for the purpose of determining the intention of the parties when contracting within the line of such business. A course of business which brings such knowledge is within the meaning of the law, certain, uniform and general, for those elements of usage are only required to authorize from the common experience of men the presumption that the party pursuing the given pursuit has knowledge

of the usual course of business. Notoriety of a course of business is the true inquiry, and this is presumed if it be established and general. Lawson on Usage, pp. 40, 41, 45, 53. The testimony objected to consisted of statements of experienced persons as to how the business in question had been conducted for a series of years past, and not as to their opinions whether a custom existed to carry honey on deck between the places named; and we cannot say that it was not sufficient to establish such a usage or even custom to carry on deck, as to make the same a part of the contract between the parties.

The matter having been fairly submitted to a jury, their finding under the evidence cannot be disturbed.

It was not incumbent upon the appellees to show a custom among underwriters to pay losses on goods carried on deck; the usage so to carry being shown to exist at the time the insurance contract was made, the contract covers the loss occurring in the course of the contemplated voyage.

There being no error in the judgment, it is affirmed.

AFFIRMED.

[Opinion delivered February 10, 1882.]