### RUTHERFORD–BREDE CO. v. REICHARDT & SCHULTE CO. (No. 8094.)

(Court of Civil Appeals of Texas. Galveston. Dec. 21, 1921.)

1. Customs and usages ⊜12(2)—Seller of seed potatoes held to have contracted with regard to usages and customs of particular market.

In an action by a seller of seed potatoes for damages resulting from a resale, defendant claiming that the potatoes were not up to the standard of seed potatoes as understood in the locality, it was not error to refuse to submit an inquiry as to whether plaintiff had any knowledge of such custom or usage, it being presumed that plaintiff entered into the contract as affected by the usages and customs of the particular market.

2. Sales ⊜404—Remedies of buyer of potatoes not up to standard enumerated.

Where potatoes shipped are not up to contract requirements, buyer could either accept the shipment and hold seller responsible for the potatoes below standard, or reject the shipment altogether as not being in compliance with the contract.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by the Rutherford-Brede Company against the Reichardt & Schulte Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Byers & Cavanagh, of Houston, for appellant.

Atkinson & Atkinson, of Houston, for appellee.

GRAVES, J. Under written contracts describing them merely as "seed potatoes," appellant sold the appellee two cars of Irish potatoes at a price of $3.90 per 100 pounds "on board the cars at Houston, Texas, or other points taking the same freight rate," shipping them to its own order to Houston, railway to notify appellee, with bills of lading attached to sight drafts on the appellee for the balance of the purchase price over $100 on each car paid on execution of the contracts.

On arrival at Houston the appellee rejected the shipments as not being the quality of potatoes ordered, and appellant sued for damages claimed to have resulted to it from a resale; judgment below having gone against it, the cause is brought here.

The judgment so rendered was entered upon the jury's answers to two of the special issues of fact submitted to it as follows:

"No. 1: Was there, at the time the contracts for the purchase of the potatoes involved were entered into, a universal custom or usage in Houston, Tex., among those buying and selling seed potatoes, that the words 'seed potatoes' meant that such seed potatoes should be good and sound, uniform in size, and free from scab and other diseases?

"No. 2: Were the seed potatoes shipped by the plaintiff to the defendant under said contracts 'seed potatoes' within the meaning of the usage and custom inquired about in the first special issue therein?"

To the first of these, the answer was "Yes," and to the second "No."

The issues thus presented and determined had been properly raised, the appellee, after first contending that in the circumstances the place of performance of the contracts was in Houston, Tex., having further averred and offered proof to show that such a general custom did exist there, that it accordingly became a part of and controlled these contracts, and that the potatoes sent did not come up to the standard of "seed potatoes" as thereby established.

Appellant attacks the jury's finding on the first issue as being against the great weight and preponderance of the evidence, insisting that there was a complete failure to show that any such universal custom or usage prevailed at Houston, but, after a careful examination of the statement of facts, we conclude and find that there was ample supporting testimony.

It is next contended that error was committed in the court's failure to submit, at appellant's request, an inquiry as to whether in event such custom or usage was found to exist at Houston appellant had any knowledge of it.

[1] We do not think this request, under the facts here shown, embodied a material matter. Appellant would be presumed to have entered into the contracts as affected

---

by the usages and customs of the Houston market. The rule of law applying in such cases is thus stated in 17 Corpus Juris, p. 462 (20)c:

"A person dealing at a particular market is held to have dealt according to the customs and usages of that market, whether he in fact knows of such customs and usages or not, unless the person dealing with him knows that he is ignorant of such custom."

Many supporting authorities are cited in footnotes 15 and 16. See, also, Ins. Co. v. Reymershoffer's Sons, 56 Tex. 238; Dwyer v. City of Brenham, 70 Tex. 32, 7 S. W. 598.

There is no claim here that appellee knew anything about whether appellant was apprised of the custom existing in this instance or not. Through the last assignment presented it is in effect argued that since the contracts provided for payment of the balance due on the potatoes when shipped, on presentation of sight drafts with bills of lading attached, and that the seller should reimburse the buyer for all frozen or decayed ones at the agreed rate, the refusal of appellee to pay the drafts when presented after so ordering the potatoes shipped constituted a breach of its contracts and entitled appellant to the judgment it sought, notwithstanding the verdict of the jury on the issues submitted to it.

[2] With this position we cannot agree, but think rather that appellee had the right, either to accept the shipments and hold appellant responsible for such of the potatoes as failed to come up to the standard so fixed at Houston, or, as it did do, to reject the shipments altogether as not being in compliance with the contracts. That the goods sent were not such as the custom proven called for was undisputed. Furthermore it was shown that appellee offered to rework the potatoes and pay the contract price for such of them as were sound, but appellant refused, demanding unconditional acceptance.

We conclude that no prejudicial error has been pointed out, and that the trial court's judgment should be affirmed. It has been so ordered.

Affirmed.