**CRAVEN v. DAVISON. (No. 518–4194.)**

(Commission of Appeals of Texas, Section B. Oct. 14, 1925.)

**1. Pleading ⊕══144—Counterclaim for amount due by reason of another transaction between parties held insufficient.**

In subcontractor's action against contractor for refusal to permit subcontractor to complete contract, counterclaim for amount due by reason of separate transaction in another county, alleging merely subcontractor's indebtedness to contractor according to itemized account without averments as to other contract and breach, *held* insufficient, in view of Rev. St. art. 1326.

**2. Highways ⊕══113(4)—Duty of court to construe contract for construction of road in harmony with expressed intention.**

Where county contract, which provided for construction of road to satisfaction of county engineer and made his decision on questions final, was unambiguous, and its meaning plain, and clearly reflected intention of parties thereto, it was duty of court to construe it in harmony with expressed intention.

**3. Highways ⊕══113(4) — Subcontractor held not entitled to recover for loss of future net profits, where contract for construction of road taken over by contractor.**

Under county contract providing for construction of road to satisfaction of county engineer and making his decision on question final, his determination in good faith that subcontractor's work was unsatisfactory, and his demand that contractor take over work, required contractor to complete contract himself, and hence subcontractor was not entitled to recover for loss of future net profits under such contract.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Ben S. Davison against M. M. Craven. Judgment for plaintiff was affirmed in part and reversed and rendered in part in Court of Civil Appeals (260 S. W. 1100), and both parties bring error. Judgment of Court of Civil Appeals affirmed.

Bryan, Dyess & Colgin, of Houston, for plaintiff in error.

J. D. Dodson, of San Antonio, and H. H. Cooper and Sam R. Merrill, both of Houston, for defendant in error.

SHORT, J. In this case both appellant, Craven, and the appellee, Davison, have been granted writs of error by the Supreme Court. The judgment of the Court of Civil Appeals embraces a full statement of the case, and we refer to that statement without incumbering this opinion with a restatement of it. 260 S. W. 1100.

In connection, however, with that statement, we adopt the statement of the nature and result of the suit made by Davison in his brief filed in the Court of Civil Appeals, to wit:

"This suit was brought by Ben S. Davison in the district court of Harris county, Tex., against M. M. Craven, for the recovery of damages alleged to have been suffered by him as the result of the breach by Craven of a certain subcontract entered into between them on June 29, 1920, for the building of a certain road in Gillespie county, Tex., for the construction of which Craven had previously entered into a contract with Gillespie county, and by the terms of which subcontract Davison undertook to construct said road in accordance with the terms of the original contract between Craven and Gillespie county.

"Davison set up the execution of the subcontract and his part performance thereof, and alleged · that about February 15, 1921, Craven breached the contract and took over the work and completed the same. Davison sought recovery on account of three items of damage:

"(a). Moneys earned by him in his part performance of the contract, but which had been retained by Gillespie county, and were subsequently collected by Craven;

"(b) Moneys earned by him, for which estimates were not due at the time of the breach of the contract, but which were subsequently collected and retained by Craven; and

"(c) The profits which would have accrued to him if he had been permitted to complete the contract.

"Among defenses alleged by the defendant were certain claims for expenditures alleged to by Craven to have been made by him in behalf of Davison in connection with the performance of the contract.

"The case was tried before a jury, and submitted on special issues, and judgment was rendered in accordance with the verdict of the jury and findings of the court in favor of Davison against Craven $6,035.70 on account of moneys earned by Davison prior to the breach of the contract, but collected by Craven after the breach, after allowing all credits due Craven on account of moneys expended by him in connection with the contract on behalf of Davison, and for the further sum of $6,635, as the net profits which the jury found Davison would have made on the contract except for the breach thereof, together with 6 per cent. interest on the first amount from April 1, 1921, and on the second amount from February 14, 1922, and for all costs of court."

───────────────

⊕══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

276 S.W.—13

The case was submitted to the jury upon the following special issues, answers to which were made as here shown:

"(1) Was the work which was done on the Mason county road contract in Gillespie county, Tex., by the plaintiff, Ben S. Davison, in substantial compliance with the terms of his contract with the defendant, M. M. Craven? You will answer this question 'Yes' or 'No.' Answer: Yes.

"(2) Was the plaintiff, Ben S. Davison, on the 15th day of February, 1921, proceeding in the substantial performance of his contract with the defendant, M. M. Cravens, for the work on the Mason county road contract in Gillespie county, Tex.? You will answer this question 'Yes' or 'No.' Answer: Yes.

"(3) Was the plaintiff, Ben S. Davison, ready, willing, and able to carry out his contract with the defendant, M. M. Craven, on the Mason county road contract in Gillespie county, Tex., at the time the defendant, M. M. Craven, took over the contract? You will answer this question 'Yes' or 'No.' Answer: Yes.

"(4) Did the defendant, M. M. Craven, in taking over from the plaintiff, Ben S. Davison, the Mason county road contract in Gillespie county, Tex., act in bad faith towards the said Ben S. Davison? You will answer this question 'Yes' or 'No.' Answer: Yes.

"(5) Did the defendant, M. M. Craven, enter into a conspiracy with the county engineer, Moursund, and with the county judge, Kneese, or either of them, to enable the defendant to take over on the Mason road in Gillespie county from the plaintiff, Davison? You will answer this 'Yes' or 'No.' Answer: No.

"(6) Was the charge made by the county engineer, Moursund, that the work which plaintiff, Davison, performed was not in substantial compliance with the plans and specifications so made in bad faith? You will answer this 'Yes' or 'No.' Answer: No.

"(7) Did the plaintiff, Davison, voluntarily abandon his contract with defendant, Craven, before the defendant took over the work? You will answer this question 'Yes' or 'No.' Answer: No.

"(8) On what date did the defendant, M. M. Craven, take over the rock crushing operations on the Mason road in Gillespie county? You will answer this by stating the date as nearly as you are able to determine from the evidence. Answer: February 15, 1921.

"(9) What sum of money, if any, do you find the defendant, M. M. Craven, should be permitted to charge to the plaintiff, Ben S. Davison, for his personal services in supervising the maintenance of that portion of the work performed by plaintiff, Ben S. Davison? You will answer this question by stating the amount, if anything, which you so find in dollars and cents. Answer: None.

"(10) How much net profits, if any, would have accrued to the plaintiff, Ben S. Davison, on that portion of the work on the Mason road in Gillespie county, Tex., which was performed by the defendant, M. M. Craven? You will answer this question, either with the word 'None,' or by stating the amount you so find in dollars and cents, as you find the facts to be. Answer: $6,035."

The application of Craven for the writ of error contains only one assignment of error, which is as follows:

"The honorable Court of Civil Appeals erred in holding that there was no error of material substance in the ruling of the trial court when it sustained objections to the introduction of testimony on five of the great number of items pleaded by defendant as a set-off and counterclaim, because the same had no proper support in the pleading, for that the effect of such opinion is to narrow the liberality recognized in pleading heretofore and to overrule authorities holding: (1) That in passing upon the sufficiency of a pleading, under general exception, it must be held by the court that everything is alleged properly which is embraced in the allegation made, upon a reasonable construction of their import as aided or explained by that which appears in the exhibit pertinent to the issues made in the case; (2) that the use and purpose of an exhibit is to set out in detail, that which is alleged in more general terms, or to embody in the record such facts as will, in legal effect, amount to the facts as alleged in the petition, or to aid the allegations of a petition in fixing more accurately and more definitely their import; (3) that a defective statement of a cause of action is not subject to general demurrer; (4) that, though defendant does not pray specifically that he be allowed any sum as a set-off to plaintiff's cause of action, he is entitled to such set-off, if his pleadings contain a prayer for general relief."

After pleading various exceptions and substantive defenses to the petition filed by Davison in the trial court, Craven admitted in his answer that he had collected from Gillespie county $10,704.10 due to Davison for work done under the contract between them, but that—

"As shown by the account between the plaintiff and the defendant, hereto attached and made a part hereof, being marked Exhibit A, the plaintiff is indebted to the defendant on account of moneys paid out by the defendant in behalf of said plaintiff, and which the said defendant was obligated to pay under his contract and bond with said county the sum of $10,246.41, leaving a balance due to the plaintiff by this defendant of $457.69, which plaintiff stands ready, able, and willing to pay, and which he has at all times stood ready, able, and willing to pay, and which sum he now here tenders into court in full settlement of his indebtedness to said plaintiff."

The account attached and marked Exhibit A embraced numerous items claimed to have been expended on the work by Craven while finishing it in accordance with the terms of his contract with Gillespie county and chargeable to Davison, and also embraced the following items:

"January 10, 1922, to balance due Craven Colorado Company statement rendered 5/1/21, $929.27; January 10, 1922, to interest on $929.-27 to date, $51.41; January 10, 1922, to 2,249 team hours paid Dan Snyder 60 cents completing Davison Colorado Company work, $1,349.-

40; January 10, to 580 man hours to Dan Snyder 20 cents finishing Colo. Co. work, $116."

Evidence was admitted in support of each item embraced in the exhibit, except those copied above, but the trial court sustained objections made by Davison to any evidence having reference to these items when the same was offered upon the ground that these items were in the nature of a counterclaim and the answer did not sufficiently plead it as such to admit any testimony relative thereto. It is clearly apparent that these items do not embrace any expense connected with the work done for Gillespie county, but do refer to work done by Craven for Davison in Colorado county. Moreover, the excerpt we have copied above from the answer is the only reference we have been able to find to said items. We quote with approval the language of the Court of Civil Appeals in dealing with this question:

"The only averment undertaking to declare upon this matter is, in substance, 'that, as shown by the account between the plaintiff and the defendant, hereto attached and made a part hereof, being marked Exhibit A, the plaintiff is indebted to the defendant on account of moneys paid out by the defendant in behalf of said plaintiff, and which the said defendant was obligated to pay under his contract and bond with said county (Gillespie) the sum of $10,246.41,' etc. In the exhibit attached, items totalling several thousand dollars appear merely under such recitations as 'January 10, 1922, to 11 months' salary M. M. Craven, $200 per month looking over work, $2,200.' There are no allegations that any contract existed in Colorado county between the parties; that no settlement of it had been made; that it had been breached by Davison; and that there were obligations under it due by him to Craven and unpaid."

Article 1326 of the Revised Civil Statutes is as follows:

"The plea setting up such counterclaim shall state distinctly the nature and the several items thereof, and shall conform to the ordinary rules of pleading."

It has been held that the plea setting up a counterclaim in an answer must describe the debt with the same certainty as in a petition on a similar demand, and, being a special plea, must show by its averments the right to have the set-off allowed. Henderson v. Johnson, 22 Tex. Civ. App. 381, 55 S. W. 35; Scott v. Texas Construction Co. (Tex. Civ. App.) 55 S. W. 37.

[1] It is our opinion the Court of Civil Appeals correctly declared the law in sustaining the judgment of the district court and that the assignment of error presented by the plaintiff in error, Craven, in his application for the writ of error, should be overruled.

The assignments of error presented by the plaintiff in error, Davison, in his application for the writ of error, are based upon the action of the Court of Civil Appeals in sustaining the first, second, third, and fifth proposi-

tions submitted by the appellee, Craven, which are copied in the opinion rendered by that court, and need not be reproduced here. These assignments are, in effect, that the Court of Civil Appeals erred in reversing that portion of the judgment of the district court which awarded to Davison a recovery against Craven for $6,635 in the nature of net profits on the unfinished part of the work. The following excerpts from the application for the writ of error, with what has been heretofore stated, and the opinion of the Court of Civil Appeals, will, it is thought, be sufficient to enable what we shall say in the discussion of these assignments to be read understandingly, to wit:

"The contentions of plaintiff in error may briefly be stated as follows:

"(1) The rights of plaintiff in error, as well as his status, are to be determined by the terms of his contract with defendant in error; under the terms of that contract he is a subcontractor under defendant in error, and not a mere superintendent for defendant in error, or an assignee of the entire contract.

"(2) That, notwithstanding the terms of the contract between defendant in error and the county, prohibiting subcontracting except by consent of the engineers, the subcontract between plaintiff in error and defendant in error was valid and binding as between the parties thereto, and could not be breached by defendant in error with impunity merely because the consent in writing of the engineers for the county and state highway department had not been procured to the making of such subcontract.

"(3) That the letter of date February 15, 1921, by the county judge and county engineer to defendant in error did not require of defendant in error that he take over the work and terminate his contract with plaintiff in error, but only required of him that he take charge of the work personally, or place a suitable and satisfactory man in charge of the same.

"(4) That the clause in the contract between the county and defendant in error prohibiting subletting was for the benefit of the county alone, and that it was waived by the conduct of the county officials in permitting plaintiff in error to proceed with the work from July, 1920, to February 15, 1921, with knowledge of the fact that he was operating under a subcontract with defendant in error.

"(5) That no matter how much dissatisfied the county engineer may have been with plaintiff in error or the work performed by him, the expression of his dissatisfaction in a personal letter to defendant in error, or his mere signing of the letter of February 15, 1921, by direction of the commissioners' court, did not constitute such expression of his dissatisfaction as to be binding on plaintiff in error, for the reason that plaintiff in error could not be bound by anything short of a certificate of the engineer voluntarily issued in accordance with the terms of the contract between the county and defendant in error.

"(6) The mere fact that the county officials treated plaintiff in error as a superintendent for defendant in error would not affect his rights as against defendant in error, for the reason that whatever rights he may have had were based

upon a valid written contract between the parties.

"That, if plaintiff in error be mistaken as to each and all of his contentions with respect to the law of the case, as hereinabove stated, he nevertheless was entitled to recover the net profits on the unfinished portion of the work, for the reason that his contract referred to and adopted the provisions of the contract between the county and defendant in error, and by the terms of that contract, if the county had seen fit to take over the work from defendant in error, it would nevertheless have been compelled to pay to defendant in error any sums remaining in its hands after the completion of the work, and plaintiff in error is entitled to the protection of that clause of the contract in his controversy with defendant in error, and the verdict of the jury merely fixes the amount of money which defendant in error had in his hands after the completion of the work, over and above the amount to which he was entitled under his sub-contract with plaintiff in error."

[2] It appears from the foregoing statement that the plaintiff in error, Davison, based his right to recover damages on account of having lost profits on the unfinished work upon the terms and provisions of the written contract executed by the parties, which embraced as a part of it another instrument of writing, and this instrument obligated Craven to do certain things according to certain specifications, under the supervision of a certain named individual and within a specified period of time. There is no ambiguity apparent in the written contract, and, its meaning being plain, clearly reflecting the intention of the parties thereto, it was the duty of the court to construe it in harmony with the expressed intention. The progress of the enterprise, as well as the amount of the equipment used in its performance under the management of Davison, which had been undertaken by virtue of his contract with Craven, was proven to have been unsatisfactory to the county engineer, who exercised his right given to him by the terms of the contract to have the enterprise conducted in accordance with his wishes, as expressed in the following language used in a letter to Craven:

"A. H. Kneese, County Judge and Ex Officio County Supt., Gillespie County, Fredericksburg, Tex.

"Feb. 15, 1921.

"Mr. M. M. Craven, City—Dear Sir: You are hereby notified that your work in this county, being on what is locally known as the Mason road, and being Job 87A, state aid project No. 42, federal aid project No. 46A, has not been progressing satisfactorily in the following:

"(1) That the proper machinery and tools are not on the job.

"(2) That the work is not being properly handled and supervised.

"(3) That at the present rate of progress it cannot possibly be finished within the time specified in the contract.

"In view of the above, and the fact that your man in charge, Mr. Davison, does not handle the work satisfactorily, we insist upon your furnishing the necessary machinery and tools for the completion of the work within the specified time, and that you take charge of the work personally, or place a suitable and satisfactory man in charge of the same.

"Awaiting your favorable and speedy action in the matter, we are,

"Yours very truly,

"A. H. Kneese,
"County Judge, Gillespie County, Texas.
"A. F. Moursund,
"County Engineer.
"By order of the Commissioners' Court."

It may have been that this action on the part of the engineer was not justified by the physical status of the work and the situation generally, and that Craven was not justified in taking it out of the hands of Davison and assuming exclusive control of it, and it may be inferred from the answers made by the jury to some of the questions submitted by the trial court that, in doing what he did, Craven became liable under appropriate pleading and proof to pay Davison whatever damages he may have sustained in the nature of net profits which Davison would have made had he finished the work. But the question under discussion is whether under the pleadings and the legal evidence Davison is entitled to a recovery for the loss of future net profits such as was awarded him.

[3] The Court of Civil Appeals reached the conclusion that, under the terms of the written contract, upon which the plaintiff in error, Davison, based his demand as shown by his pleadings, and the legitimate evidence introduced in support of them, none of the answers made by the jury in response to those issues submitted by the court which in any way form the basis for that portion of the judgment rendered by the district court giving to Davison a recovery for loss of net profits were material to any issue properly raised by the pleadings or supported by legal evidence. With the record in this condition, it necessarily follows that, since we agree with the honorable Court of Civil Appeals in its construction of the written contract pleaded and proven by Davison as the basis of his recovery of lost net profits, we think all his assignments should be overruled.

It is true that the pleadings of Davison did raise the issue of fraud on the part of the engineer, but, that issue having been submitted to the jury and decided against his contention, the legal effect of this finding, the sufficiency of which is not attacked, is to take it out of the case and to leave the pleadings in the condition they would have been had this issue not been raised, and the record before us presents for our decision only as a question of law the construction of the written agreement upon which the suit was predicated. The assignments of the plaintiff in error, Davison, are overruled. Williams v.

Baldwin (Tex. Com. App.) 228 S. W. 554; Childress v. Smith, 90 Tex. 610, 38 S. W. 518, 40 S. W. 389; City of Sherman v. Connor, 88 Tex. 35, 29 S. W. 1053; Boettler v. Tendick, 73 Tex. 492, 11 S. W. 497, 5 L. R. A. 270; Jones v. Risley, 91 Tex. 1, 32 S. W. 1027; Kilgore v. Educational Society, 89 Tex. 465, 35 S. W. 145; 9 Corpus Juris, 772.

We recommend that the judgment of the Court of Civil Appeals affirming in part the judgment of the district court, and reversing in part said judgment of said court, and as to the part so reversed rendering judgment in favor of the plaintiff in error, Craven, be in all things affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.