**DEAL v. CRAVEN.** (No. 567–4314.)

(Commission of Appeals of Texas, Section B. Dec. 10, 1925.)

1. **Judgment** ⟲199(1)—**Judgment must follow verdict, and court is without power to render judgment notwithstanding verdict upon material issue.**

Judgment must follow verdict, and court is without power to render judgment notwithstanding verdict upon a material issue.

2. **Judgment** ⟲199(3)—**When verdict is contrary to evidence, court may set it aside, but until then cannot enter judgment contrary to verdict.**

When verdict is contrary to evidence, court may set verdict aside, but cannot enter judgment contrary to verdict.

3. **Judgment** ⟲256(3)—**Verdict of jury upon special issues held to require entry of judgment for plaintiff.**

In action by subcontractor against contractor for work done for county under a contract providing that approval of the work by county engineer entitled plaintiff to payment, wherein plaintiff alleged a strict compliance and also a substantial compliance with the contract, affirmative finding of the jury on the special issue whether the engineer finally accepted as complete from plaintiff the construction work done under the contract, and its finding as to the value of the amount of construction work done by plaintiff, were conclusive, entitling plaintiff to recover, and rendered other findings favorable to defendant immaterial and surplusage, so that in not rendering judgment upon such material findings for plaintiff trial court erred.

4. **Contracts** ⟲284(4)—**Acceptance of construction work upon approval of county engineer is binding upon parties according to their agreement, in absence of fraud.**

Where subcontractor and contractor for whom he did construction work for county agreed that the county engineer's acceptance of the work was conclusive on the question of performance, such acceptance bound the parties according to agreement, in the absence of fraud.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by Cliff Deal against M. M. Craven. Court of Civil Appeals reformed judgment of the district court, and as so reformed affirmed it (266 S. W. 426), and both parties bring error. Judgment of Court of Civil Appeals and of district court reversed, and judgment rendered for plaintiff.

Stevens & Stevens and C. H. Chernosky, all of Houston, for plaintiff in error.

Bryan, Dyess & Colgin, of Houston, for defendant in error.

SPEER, J. This cause is before us upon writs of error granted to the appellant and

the appellee in Deal v. Craven, 266 S. W. 426, wherein the Court of Civil Appeals reformed and affirmed the judgment of the district court of Harris county.

The suit was instituted by Cliff Deal against M. M. Craven to recover a balance of $2,995.43 alleged to be due to plaintiff upon a certain written contract whereby the plaintiff had subcontracted with defendant to do certain dirt work on a five-mile section of a public road in Fort Bend county, for the construction of which Craven had a contract with the county. The plaintiff pleaded the written contract, and among other things alleged:

"The defendant agreed to pay the plaintiff for said services upon monthly estimates furnished on such work by the engineer of Fort Bend county, less 10 per cent., of the work accepted by the said engineer, which 10 per cent. was to be withheld by the defendant and paid to the plaintiff when the said work which the plaintiff had agreed to perform had been completed, inspected, approved, and accepted by the county engineer of Fort Bend county, whose decisions on all questions arising out of the performance of such work was to be binding upon the parties thereto. * * * That said work was completed, inspected, and accepted by the county engineer of Fort Bend county."

The contract specifically provided:

"The work to be done hereunder is to be in strict compliance with the original contract between the contractor and the county, to be done in a good workmanship manner, and to be subject to the inspection, approval, and acceptance of the county engineer of Fort Bend county, whose decision on all questions arising out of the performance of such work is to be binding upon the parties hereto. * * * Payments shall be made upon monthly estimates furnished on such work by the engineer to the contractor, less 10 per cent. of the work accepted by the engineer, which 10 per cent. is to be withheld by the contractor and paid to the subcontractor when the subcontract has been completed, inspected, approved, and accepted by the county engineer."

The case was tried to a jury upon the following special issues, which were answered as indicated:

"(1) Was the road subcontracted to Cliff Deal constructed by him in substantial compliance with all of the terms of the plans and specifications? Answer: Yes.

"(2) Did Leon Gurley, the engineer, finally accept as complete from plaintiff Cliff Deal the construction work which said Deal had contracted to do on the five-mile stretch of road in controversy? Answer: Yes.

"(3) What is the total contract price, or the total amount of construction work done by Cliff Deal up to January 8, 1921, under his contract? Answer: $17,397.04.

"(4) What was the reasonable cost of the work, if any, done by M. M. Craven on the part of said five-mile stretch of road covered by the Cliff Deal contract after the same had been

left by Cliff Deal in order to meet the require-ments of the terms and provisions of the orig-inal contract with the county? Answer: $1,-160.63.

"(5) What is a reasonable fee to be allowed in this case to M. M. Craven in payment for the services of his attorney in prosecuting his cross action? Answer: $500."

Upon this verdict the trial court entered judgment in favor of plaintiff for $1,047.83, with interest, having deducted from the $17,-397.04, found by the jury to have been the total contract price of construction work done by plaintiff, the items of $14,688.58 admitted as a payment, and $1,160.63 found by the jury as an item of expenditure by the defendant under issue No. 4, and the further sum of $500, attorney's fees in favor of defendant. The Court of Civil Appeals eliminated the trial court's allowance to the defendant of $500 attorney's fees, and, as thus reformed, affirmed the judgment.

[1-3] We think both judgments are wrong. The plaintiff pleaded a strict compliance with the terms of his contract, and likewise, in the alternative, he pleaded a substantial compli-ance, but in view of the verdict upon issue No. 2, no judgment other than one for the plaintiff could be entered. It has long been settled in this state that the judgment must follow the verdict, and that the courts are without power to enter a judgment notwith-standing a verdict upon a material issue. This is the correct practice, even to the ex-tent of those cases where the verdict is con-trary to the undisputed evidence. In such a case the court has the alternative of setting aside the verdict, but until such action is taken, no judgment can be entered contrary thereto. Ablowich v. Bank, 95 Tex. 429, 67 S. W. 79, 881. The parties to this suit, by the contract duly pleaded and proved, agreed spe-cifically that the decision of the county engi-neer of Fort Bend county on all questions arising out of the performance of the work contemplated should be binding upon them. In response to special issue No. 2 the jury found that the engineer had fully accepted as complete the construction work which the plaintiff had contracted to do, and in response to issue No. 3 they found the total amount due. In view of these findings, the other find-ings become immaterial. Those referred to are absolutely conclusive of the case, and up-on them the plaintiff was entitled to judg-ment for the amount found in response to is-sue No. 3, less, of course, the admitted credit pleaded by plaintiff.

[4] No attack whatever is made upon the act of the county engineer in accepting the work, and there is no reason why his accept-ance is not conclusive, and binding upon the parties according to their agreement. See Davison v. Craven, 276 S. W. 193, this court not yet [officially] reported.

We therefore recommend that the judg-ments of the district court and of the Court of Civil Appeals be reversed, and judgment be here rendered in favor of plaintiff in error, Cliff Deal, against defendant in error, M. M. Craven, for the sum of $2,708.46, with 6 per cent. interest from February 1, 1921, and like-wise against the defendant in error, Craven, on his cross-action.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both re-versed, and judgment rendered for plaintiff in error, and against defendant in error on his cross-action, as recommended by the Commis-sion of Appeals.