**A. F. DAY CONST. CO. v. HUBBARD.**

No. 3752.

Court of Civil Appeals of Texas. El Paso.

Nov. 3, 1938.

Rehearing Denied Nov. 23, 1938.

Frank C. Brooks, W. C. Scurry, Carl B. Callaway, and Callaway & Reed, all of Dallas, for appellant.

R. G. Carter and Raymond Rosoff (on appeal), both of Dallas, for appellee.

WALTHALL, Justice.

Appellee, Chester Hubbard, as plaintiff, brought this suit against appellant, A. F. Day Construction Company, a private corporation, for damages for the alleged breach of an oral contract.

About the middle of November, 1935, the Texas Pipe Line Company asked for bids on the construction of a pipe line approximately ten miles in length to be constructed in Lea County, New Mexico.

The contract for the construction of the pipe line was awarded by the Texas Pipe Line Company to A. F. Day Construction Company.

Appellee alleged that A. F. Day Construction Company, by oral contract, awarded the contract for the construction of the pipe line to appellee, Chester Hubbard, on December 11, 1935. The oral contract as submitted to and found by the jury, "provided that in consideration that Chester Hubbard would unload pipe for the job in question in Lea County, New Mexico, at the point of shipment, haul and string it along the pipe line right-of-way, cut the ditch for the pipe and back-fill over the pipe for such job, and A. F. Day Construction Company would pay the said Chester Hubbard, upon completion of such work, the sum of nine cents per lineal foot of excavation for such job."

Appellee alleged that thereafter the A. F. Day Construction Company refused to permit him to do such work, and appellee sues for damages for the breach of the contract.

Appellant answered by general demurrer, special exceptions, general denial, special denials; that one of the provisions of the contract between appellant and Texas Pipe Line Company was to the effect that no part of the work could be sublet without the consent of the Texas Pipe Line Company, and that the contract between appellant and appellee was subject to such provision; and pleaded in the alternative that there was a general custom in constructing pipe lines in that section that the subcontract was subject to all the terms and provisions of the general contract.

Appellant alleged that the general contract contained the provision that "No part of the work shall be sublet without the approval of the Company," and that the Texas Pipe Line Company did not approve the subletting of any part of the work to appellee; that appellee knew that the work to be done was covered by the general contract, and was acquainted with the terms and provisions of the usual form of contract used by the pipe line company; that appellee took the contract; that there was a general custom in the pipe line business in Texas and New Mexico that a subcontractor took his contract subject to the provisions of the general contract.

On special issues submitted the jury found that appellant and appellee entered into an oral contract for the construction of the pipe line by appellee as above stated, and that appellant refused to permit appellee to perform the work under the contract; that the reasonable cost to appellee of doing the work contracted would have been $3,506.51; that during the time appellee would have worked on the job contracted he did other similar work for other persons; that such other work for other persons could have been postponed by appellee until after he had completed the job contracted for with appellant; that at the time the oral contract was made with appellant appellee knew of the general contract between A. F. Day Construction Company and the Texas Pipe Line Company, and at that time there was a general custom in the pipe line business at that place that a subcontractor took his subcontract subject to the terms and conditions of the general contract.

The judgment rendered recites, and the court finds from the verdict as supplemented by the undisputed facts, that under the contract entered into between appellant and appellee, appellant was obligated to pay appellee nine cents per linear foot of excavation on 50,093 linear feet of excavation, a total of $4,508.37, in consideration of appellee's performance of the contract as agreed; that the cost to appellee in doing the work would have been $3,506.51, and the net profit of $1,001.86, which the court finds as damages to appellee by reason of the breach of the contract; for which amount the court rendered judgment in favor of appellee.

From that judgment appellant duly prosecuted this appeal.

## Opinion.

Under several propositions appellant submits reversible error in that it was shown that the work to be done by appellee was to be done under the general contract between appellant and the Texas Pipe Line Company, in which general contract it was provided that no part of the work shall be sublet without the approval of the Company, and it not having been shown the Company had approved the subletting of the contract to appellee, there was no complete oral subcontract, and it was error to render the judgment. Substantially the same point is submitted as to the general custom that the subcontract is subject to the terms and provisions of the general contract applicable to it, which custom appellant pleaded, submitted, and the jury found that there was such custom.

Appellant refers us to and relies upon the case of Atlas Torpedo Company v. United States Torpedo Company, Tex.Civ. App., 15 S.W.2d 150, as directly in point on its above two points. We do not consider the case as being in point. In that case the appellant sued upon a written contract in which it had expressly stipulated that the contract of sale of the property conveyed was made subject to the approval of appellee's attorney. It appears that for reasons stated in the court's opinion the approval of the attorney as to title conveyed was not obtained. The court held that the attorney's approval being the agreement to the sale, it was a condition precedent to the sale and the sale was not closed until the attorney was satisfied.

There is no statement in the oral contract, nor in the pleading or the evidence, that in entering into the oral contract appellant was acting as the agent for the Texas Pipe Line Company, or as its representative in doing the work contracted to be done. Nor is there any reference, express or implied, to the principal contract, from which we feel that we must conclude under Herry v. Benoit, Tex.Civ.App., 70 S.W. 359, that it was necessary to his contract or cause of action that appellee obtain the consent of the Texas Pipe Line Company, as to the details of the work to be done, to contract with appellant to construct the pipe line.

The contract before us seems to have been made by appellant on its own behalf, and it seems to us, under Craven v. Davison, Tex.Civ.App., 260 S.W. 1100, affirmed

Tex.Com.App., 276 S.W. 193; Id., Tex. Civ.App., 233 S.W. 872, holding in legal effect that the parties might proceed under the oral contract so long as the Texas Pipe Line Company made no objection.

Appellee pleaded that the oral contract upon which he sued was entered into independent of the Texas Company's contract. The court heard evidence on the issues. As stated, the jury found that appellee knew of the general contract between appellant and the Texas Pipe Line Company, and that there was a general custom in the pipe line business at that time and place that a subcontractor took his subcontract subject to the terms and conditions of the general contract. Appellee testified that the oral contract entered into "was absolutely independent of the Texas Company contract." Appellee also testified that he was going to dig the ditch and make the grade and do the work called for by the general contract. The application we make of the issue is that while his contract was a subcontract to do the work appellant had contracted to do, his oral contract was with appellant solely and that he agreed only to do the work expressed in the oral contract. We think that under appellee's statement and the general custom shown appellee necessarily contracted to do the work in detail that appellant had contracted with the Pipe Line Company.

In submitting the issue of cost to appellee of doing the work to be done under the oral contract the court did not specifically include the cost of doing all right-of-way work including the clearing and leveling the right-of-way, to clean out the ditch, level and grade the ditch, weigh the bends and level and grade the ditch after it had been refilled. Appellant insists that such items were necessary to be submitted in order to determine the cost of the work and the profit to appellee. The court submitted the issue in the language of the oral contract as pleaded. The evidence covers some 400 pages of the record, and in detail covers the items referred to in the proposition. While the court did not, in the charge, submit the cost of the several items of the work to be done by appellee, the evidence, we think, shows the cost of doing the several items of the work. The verdict of the jury shows only the aggregate of cost for all the work. Appellant makes no contention that the cost of all the work to be done

under the original contract was not included in the verdict.

We think reversible error is not shown.

Points not discussed have been considered and are overruled.

Finding no reversible error the case is affirmed.