A. F. DAY CONSTRUCTION CO. V. CHESTER HUBBARD.

No. 7532. Decided July 3, 1940.
Rehearing overruled September 25, 1940.
(141 S. W., 2d Series, 945.)

*Callaway & Reed, Carl B. Callaway* and *Frank C. Brooks,* all of Dallas, for plaintiff in error.

It was error for the court to hold and give effect to the sub-contract under a general contract and subject to the terms and provisions of the general contract that no sub-letting should take effect without the consent of the owner, when the evidence showed that such consent was not obtained. American Surety Co. v. Shaw, 69 S. W. (2d) 47; Holder v. Swift, 147 S. W. 690; Robichaux v. Bordages, 48 S. W. (2d) 698.

*Guy Carter* and *Raymond Rosoff*, both of Dallas, for defendant in error.

The contract between the A. F. Day Construction Company and Hubbard was unambiguous, complete and independent of the contract between the construction company and the Texas Pipe Line Company, prohibiting the delegation of work without the owner's approval, because the plaintiff, Hubbard, was not bound by the terms of the contract between the defendant and the construction company, to which he was not a party, and to which no reference was made in the independent agreement between the plaintiff and defendant herein. Herry v. Benoit, 70 S. W. 359; Woodruff v. Hough, 91 U. S. 596, 23 L. Ed. 332; Crane v. Colonial Holding Corp. 57 S. W. (2d) 316.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit is between a subcontractor and a contractor for damages for an alleged breach of contract. The contractor, A. F. Day Construction Company, procured from Texas Pipe Line Company· a contract to construct a pipe line about ten miles in length in Lea County, New Mexico. Chester Hubbard, the subcontractor, alleges he made an oral contract with the construction company to unload the pipe for the job, haul and string it along the right-of-way, cut the ditch for the pipe and back-fill over the pipe, for a stipulated consideration, and that the construction company refused to permit him to perform the work.

Upon trial Hubbard was awarded judgment for $1001.86, which represented the profit he would have made had be been permitted to perform the work. The Court of Civil Appeals affirmed the judgment. See the opinion, 122 S. W. (2d) 698, for a fuller statement.

Hubbard in his original petition alleged making the contract with the construction company on December 11, 1935, and alleged its breach by the company on the same day. He alleged also that the construction company, on the day before entering into the alleged agreement with him, had been the successful bidder for the work of constructing the pipe line, and that immediately thereafter a contract was entered ·into between the pipe line company and the construction company for the erection and construction of the pipe line.

It is one of the stipulations of the general contract between the pipe line company and the construction company that "no part of the work shall be sublet without the approval of the

(pipe line) company." Upon exception being urged by the construction company that it was not alleged whether the contract upon which the suit was based was subject to the terms and provisions of its general contract with the pipe line company, Hubbard so amended his allegations as to allege that his contract with the construction company was independent of the general contract.

The concrete question presented is whether Hubbard, in the absence of approval of his alleged contract by the pipe line company, was entitled to recover the profit he would have made had he been permitted to do the work. The answer depends finally upon whether the agreement established upon the trial was, considered in connection wth the facts found by the jury and other undisputed facts, independent of the general contract, and was, of itself, a complete contract unaffected by the general custom found to exist with respect to the pipe line business.

If Hubbard failed to establish such a contract the recovery awarded him for profit he would have made as a result of its performance, is erroneous.

The jury found, as pleaded by the construction company, that Hubbard knew of the general contract at the time he made his contract with the construction company, and that it was a general custom in the pipe line business that a subcontractor take "his subcontract subject to the terms and conditions of the general contract."

It is undisputed that the work covered by Hubbard's contract was, as was known to Hubbard, part of the work the construction company was obligated to do under the general contract, and that the subletting to Hubbard of the work covered by his subcontract was not approved by the pipe line company. It appears to be undisputed that the pipe line company approved by letter the contract entered into by the construction company and the subcontractor who did the work Hubbard alleges he contracted to do.

Hubbard himself testified that had he dug the ditch in which the pipe was to be laid he would have had to satisfy the pipe line company; that he knew about the general specifications of the Texas Company contract forms, and that specifications "as to the width and depth etc., in the subcontract" were the same as in the general contract.

It is undisputed that Hubbard and the construction company were both in the pipe line business, and that they had been in that business for several years. It is not claimed by Hubbard

that it was stipulated as a part of his alleged contract that the parties did not intend to be bound by the custom in Texas and New Mexico in the pipe line business for the subcontractor to take his contract subject to the terms of the general contract.

Under the facts stated Hubbard's alleged contract was not independent of the terms of the general contract; and inasmuch as the subletting to Hubbard was not approved, the alleged contract was incomplete. O. M. Ins. Co. v. Reymershoffer's Sons, 56 Texas 234; Van Harten & Clark Inc. v. Nevels et al, 234 S. W. 676; Bowles v. Driver, 112 S. W. 112; Restatement of the Law of Contracts, Vol. 1, p. 352, secs. 248, sub-d. (2d) and 249.

We do not have before us a question of quantum meruit recovery, such as would be presented if Hubbard had performed in whole or in part the work covered by the agreement; or such as is presented when a contractor breaches a contract with his subcontractor after the former has received from the latter materials the latter furnished in accordance with the terms of the subcontract.

Herry v. Benoit et al, 70 S. W. 359, cited by the Court of Civil Appeals as authority for its holding in the present case, appears to have involved the question just referred to. In that case the judgment below in favor of the subcontractor was upheld on the theory that the subcontract sued upon was independent of the general contract, and had been performed at least in part by the subcontractor in furnishing to the contractor some of the material covered by the subcontract. The court expressed the view in its opinion that the trial court was correct in holding that the contractor (Herry) could make a contract with the subcontractor (Benoit) with respect to the work "which would be independent of the written contract between Herry and the owner (Seekatz Bros.)."

It is unnecessary, however, for us to determine whether the holding is correct, since the question on which the case turned is not the same as that involved in the present case. In the Herry case the facts disclose it was not established, as in the present case, that the general custom of those engaged in the business of the contractor and the subcontractor was for the latter to take his contract subject to the terms of the general contract; also that the subcontract was breached after the subcontractor had procured certain material for the job that was dead stock on his hands after the breach.

It appears from what has been stated that the judgment

of the trial court awarding recovery for profits that would have been made had the work in question been performed, is erroneous; and that the Court of Civil Appeals erred in affirm-. ing it. The judgment of the Court of Civil Appeals is reversed and set aside, and judgment is here rendered for plaintiff in error.

Opinion adopted by the Supreme Court July 3, 1940.

Rehearing overruled September 25, 1940.