Opinion adopted by the Supreme Court.

## A. F. DAY CONST. CO. v. HUBBARD.
### No. 1832–7532.

Commission of Appeals of Texas, Section B.

July 3, 1940.

Wm. C. Scurry, Callaway & Reed, Carl B. Callaway, and Frank C. Brooks, all of Dallas, for plaintiff in error.

R. Guy Carter and Raymond Rosoff, both of Dallas, for defendant in error.

TAYLOR, Commissioner.

This suit is between a subcontractor and a contractor, for damages for an alleged breach of contract. The contractor, A. F. Day Construction Company, procured from Texas Pipe Line Company a contract to construct a pipeline about ten miles in length in Lea County, New Mexico. Chester Hubbard, the subcontractor, alleges he made an oral contract with the construction company to unload the pipe for the job, haul and string it along the right-of-way, cut the ditch for the pipe and back-fill over the pipe, for a stipulated consideration, and that the construction company refused to permit him to perform the work.

Upon trial Hubbard was awarded judgment for $1,001.86, which represented the profit he would have made had he been permitted to perform the work. The Court of Civil Appeals affirmed the judgment. See the opinion (122 S.W.2d 698) for a fuller statement.

Hubbard in his original petition alleged making the contract with the construction company on December 11, 1935, and alleged its breach by the company on the same day. He alleged also that the construction company, on the day before entering into the alleged agreement with him, had been the successful bidder for the work of constructing the pipeline, and that immediately thereafter a contract was entered into between the pipeline company and the construction company for the erection and construction of the pipeline.

It is one of the stipulations of the general contract between the pipeline company and the construction company that "no part of the work shall be sublet without the approval of the (pipeline) company." Upon exception being urged by the construction company that it was not alleged whether the contract upon which the suit was based was subject to the terms and provisions of its general contract with the pipeline company, Hubbard so amended his allegations as to allege that his contract with the construction company was independent of the general contract.

The concrete question presented is whether Hubbard, in the absence of approval of his alleged contract by the pipeline company, was entitled to recover the profit he would have made had he been permitted to

do the work. The answer depends finally upon whether the agreement established upon the trial was, considered in connection with the facts found by the jury and other undisputed facts, independent of the general contract, and was, of itself, a complete contract unaffected by the general custom found to exist with respect to the pipeline business.

If Hubbard failed to establish such a contract the recovery awarded him for profit he would have made as a result of its performance is erroneous.

The jury found, as pleaded by the construction company, that Hubbard knew of the general contract at the time he made his contract with the construction company, and that it was a general custom in the pipeline business that a subcontractor take "his subcontract subject to the terms and conditions of the general contract."

It is undisputed that the work covered by Hubbard's contract was, as was known to Hubbard, part of the work the construction company was obligated to do under the general contract, and that the subletting to Hubbard of the work covered by his subcontract was not approved by the pipeline company. It appears to be undisputed that the pipeline company approved by letter the contract entered into by the construction company and the subcontractor who did the work Hubbard alleges he contracted to do.

Hubbard himself testified that had he dug the ditch in which the pipe was to be laid he would have had to satisfy the pipeline company; that he knew about the general specifications of the Texas Company contract forms, and that specifications "as to the width and depth etc., in the subcontract" were the same as in the general contract.

It is undisputed that Hubbard and the construction company were both in the pipeline business, and that they had been in that business for several years. It is not claimed by Hubbard that it was stipulated as a part of his alleged contract that the parties did not intend to be bound by the custom in Texas and New Mexico in the pipeline business for the subcontractor to take his contract subject to the terms of the general contract.

Under the facts stated Hubbard's alleged contract was not independent of the terms of the general contract; and inasmuch as the subletting to Hubbard was not approved, the alleged contract was incomplete. Orient Mut. Ins. Co. v. Reymershoffer's Sons, 56 Tex. 234; Von Harton & Clark, Inc. v. Nevels et al., Tex.Civ.App., 234 S.W. 676; Bowles v. Driver, Tex.Civ.App., 112 S.W. 440; Restatement of the Law of Contracts, Vol. 1, p. 352, secs. 248, sub-d. (2) and 249.

We do not have before us a question of quantum meruit recovery, such as would be presented if Hubbard had performed in whole or in part the work covered by the agreement; or such as is presented when a contractor breaches a contract with his subcontractor after the former has received from the latter materials the latter furnished in accordance with the terms of the subcontract.

Herry v. Benoit et al., 70 S.W. 359, 360, cited by the Court of Civil Appeals as authority for its holding in the present case, appears to have involved the question just referred to. In that case the judgment below in favor of the subcontractor was upheld on the theory that the subcontract sued upon was independent of the general contract, and had been performed at least in part by the subcontractor in furnishing to the contractor some of the material covered by the subcontract. The court expressed the view in its opinion that the trial court was correct in holding that the contractor (Herry) could make a contract with the subcontractor (Benoit) with respect to the work "which would be independent of the written contract between Herry and Seekatz Bros. [the owner]."

It is unnecessary, however, for us to determine whether the holding is correct, since the question on which the case turned is not the same as that involved in the present case. In the Herry case the facts disclose it was not established, as in the present case, that the general custom of those engaged in the business of the contractor and subcontractor was for the latter to take his contract subject to the terms of the general contract; also that the subcontract was breached after the subcontractor had procured certain material for the job that was dead stock on his hands after the breach.

It appears from what has been stated that the judgment of the trial court awarding recovery for profits that would have been made had the work in question been per-

formed, is erroneous; and that the Court of 'Civil Appeals erred in affirming it. The judgment of the Court of Civil Appeals is reversed and set aside, and judgment is here rendered for plaintiff in error.

Opinion adopted by the Supreme Court.